■ FRANK D. GILROY, Appellant-Respondent, v. AMERICAN BROADCASTING COMPANY, INC., et al., Respondents-Appellants.— Judgment, Supreme Court, New York County, entered on January 28, 1972, in favor of plaintiff, after a jury trial, unanimously modified on the law and on the facts, to the extent of remanding the matter for a new trial only on the issue of damages, including punitive damages, if any, and otherwise affirmed. Plaintiff-appellant-respondent shall recover of defendants-respondents-appellants one bill of $60 costs and disbursements of these cross appeals. The trial court erred in excluding the testimony offered by plaintiff and his expert witness, by which plaintiff sought to establish the reasonable value of the literary character created by him and misappropriated by defendants and in limiting plaintiff's recovery to defendants' profits. The proper measure of damages flowing from defendants' wrongful appropriation of plaintiff's literary property is the reasonable value thereof and "Opinion evidence of the value of the property" is admissible. (*Robbins* v. *Frank Cooper Assoc.*, 14 N Y 2d 913, 915.) Concur — Stevens, J. P., Lupiano, Capozzoli and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN SECURE, Appellant.— Judgment, Supreme Court, New York County, rendered on March 5, 1973, convicting defendant, after a jury trial, of four counts of robbery in the second degree, four counts of grand larceny in the third degree, assault in the second degree, possession of a dangerous weapon and petit larceny, unanimously modified, on the law, to the extent of reversing the convictions for grand larceny in the third degree and petit larceny, vacating the sentences imposed thereon and dismissing those counts of the indictment and otherwise affirmed. The robbery and larceny counts arose out of the same acts and were, therefore, concurrent counts. A conviction upon the higher offense is deemed a dismissal of any lesser offenses submitted to the jury. (CPL 300.40.) Accordingly, defendant's convictions for robbery constitute a dismissal of the larceny counts and the People so concede. (*People* v. *Pyles*, 44 A D 2d 784.) We have examined the other points urged by the defendant and find them without merit. Concur — Stevens, J. P., Lupiano, Capozzoli and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED NORMAN, True Name FREDDIE DORMAN, Appellant.— Judgment, Supreme Court, New York County, rendered April 6, 1973, convicting defendant after trial by a jury of the crimes of attempted robbery, first and second degrees, and attempted petit larceny, and sentencing him to concurrent indeterminate terms of imprisonment not to exceed 10 and 5 years respectively on the attempted robbery counts and unconditional discharge on the attempted petit larceny count, unanimously modified, on the law, to dismiss the latter count, and otherwise affirmed. The dismissed count is a lesser included count in the indictment and conviction of the greater count requires dismissal of the lesser. (See *People* v. *Pyles*, 44 A D 2d 784; CPL 300.40, subd. 3, par. [b].) Concur — Markewich, J. P., Tilzer, Capozzoli and Nunez, JJ.