■ OLD PARIS, INC., Respondent, v G.E.B.M. INTERNATIONAL, INC., Doing Business as NEW-PAR ANTIQUES, et al., Appellants. —Order, Supreme Court, New York County (Edward Greenfield, J.), entered on May 8, 1990, which, *inter alia,* granted plaintiff's motion to confirm the report of Special Referee William Rothberg, dated February 27, 1990, adjudged defendants in civil contempt for willfully failing to serve and file a verified statement of account in conformity with the directions set forth in the interlocutory judgment entered on October 11, 1988, fined defendants $250.00 pursuant to Judiciary Law § 773, together with plaintiff's costs and expenses, including legal fees of $7,562.00, and directed the defendants to file a proper statement of account in conformity with the interlocutory judgment, unanimously affirmed, with costs.

The underlying action involves a long standing dispute between the parties concerning a consignment agreement, executed in July 1983 and amended in May 1984, pursuant to which defendants purchased and sold certain antiques, the proceeds of which were to be divided between the parties. By an interlocutory judgment, entered on October 11, 1988, defendants were directed to file a verified statement of account setting forth, "their use and disposition of plaintiff's funds, including, without limitation, with respect to all profits derived from such use." Defendants' appeal from this interlocutory judgment was dismissed for failure to perfect.

Subsequently, plaintiffs twice moved to punish defendants for contempt for their alleged failure to file a proper verified statement of account. The application to hold defendants in

contempt was held in abeyance, and the issue of defendants' compliance referred to a Special Referee to hear and report. The IAS Court confirmed the report of the Special Referee, finding that the verified statement of account, was not filed in good faith compliance with the interlocutory judgment, and imposed sanctions for contempt as against the defendants pursuant to Judiciary Law § 773.

Initially, since defendants' appeal from the interlocutory judgment was dismissed by this Court, defendants' challenge as to the scope of the accounting represents an impermissible collateral attack upon the interlocutory judgment. *(Seril v Belnord Tenants Assn.,* 139 AD2d 401.) In any event, defendants' purported statement of account warranted an adjudication of willful non-compliance with the interlocutory judgment. Moreover, in expressing an opinion as to defendants' contempt, the Special Referee did not exceed his authority, nor was the Court precluded from independently finding that the defendants' non-compliance warranted the imposition of sanctions for contempt. *(Moskowitz v Wolchok,* 126 AD2d 463, 464.)

Finally, we find that the IAS Court did not abuse its discretion in awarding plaintiff legal fees without first conducting an evidentiary hearing where, as in the case at bar, the amount of the fees sought was not challenged by the defendants. *(Kumble v Windsor Plaza Co.,* 128 AD2d 425, 426, *lv dismissed* 70 NY2d 693.) Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.