■ DICINI, INC., Respondent, v WILLIAM HENGERER COMPANY, Respondent and Third-Party Plaintiff-Respondent. C.F. AIR FREIGHT, INC., Third-Party Defendant-Appellant.—Modified Judgment, Supreme Court, New York County (Kenneth Shorter, J.), entered on July 17, 1990, which, after a non-jury trial, found in favor of plaintiff Dicini, Inc., ("Dicini") against defendant William Hengerer Company ("Hengerer"), in the sum of $79,377.27, with interest thereon from December 22, 1979, and Judgment of the same court and Justice, entered on April 20, 1990, which awarded defendant Hengerer judgment over and against defendant and third-party defendant C.F. Air Freight, Inc., ("C.F. Air"), and which denied the motion by third-party defendant C.F. Air seeking to vacate a prior judgment as untimely entered, unanimously affirmed, without costs.

The appeals from the March 14, 1990 judgment and April 6, 1990 order of the same court and Justice are dismissed, without costs, in view of the entry of the July 17, 1990 final judgment.

Dicini and Hengerer, a retailer, agreed to sell Dicini's jewelry at a one-day sale with the proceeds to be divided 58% to Dicini and 42% to Hengerer, with all unsold merchandise to be returned to Dicini via Hengerer's carrier, C.F. Air. Subsequently, after receiving the shipment of unsold merchandise and discovering that merchandise valued at $136,857.36 was missing, Dicini commenced the underlying action against Hengerer seeking to recover the value of the missing merchandise. Hengerer thereafter impleaded the carrier, C.F. Air, seeking indemnification.

The trial court's finding, that Dicini was entitled to judgment against Hengerer in the sum of $79,377.27, representing

58% of $136,857.36, the retail value of the missing jewelry, and that Hengerer was entitled to judgment over and against C.F. Air less set-off of certain carrier charges, was supported by the weight of the credible evidence adduced at trial.

We find no reason to disturb the factual findings of the trial court, made after viewing the witnesses and assessing their credibility, that Hengerer had, in fact delivered the jewelry in good condition to C.F. Air for shipment to Dicini, and that Pedone Trucking Co., to whom the four cartons were initially delivered by Hengerer, had acted as an agent and received the shipment on behalf of C.F. Air prior to the disappearance of the jewelry. In any event, C.F. Air, a common carrier, was, as a matter of law, the insurer of the missing merchandise and was responsible for any loss resulting from the theft thereof *(Ups N'Downs v Albina Enters., 61 AD2d 763)*.

We reject C.F. Air's contention that the judgment in favor of Dicini should be vacated as violative of 22 NYCRR 202.48, governing the proper submission of a judgment for signature, by reason of the delay in the entry thereof, since that section is inapplicable where, as here, the court did not direct the order or judgment "to be settled or submitted on notice" *(Bell v New York Higher Educ. Assistance Corp.,* 158 AD2d 305, *mot to dismiss appeal granted* 76 NY2d 845), and since the trial court specifically found that there was good cause for the delay in entry of the judgment in light of the serious illness of Dicini's counsel both during and after the trial which ultimately resulted in his death *(Town of Virgil v Ford,* 160 AD2d 1073).

The trial court's factual determination with respect to damages was properly based upon the terms of the contract obligating Hengerer to pay Dicini 58% of the retail value of the unreturned merchandise, as well as upon the testimony of Dicini's president, who had personal knowledge regarding the actual value of the missing merchandise *(Gilroy v American Broadcasting Co.,* 47 AD2d 728, *affd* 46 NY2d 580; *Irv-Bob Formal Wear v Public Serv. Mut. Ins. Co.,* 81 Misc 2d 422, *affd* 86 Misc 2d 1006).

Finally, we find that the trial court did not abuse its discretion in awarding Dicini interest on its judgment from the date its contract cause of action accrued (CPLR 5001; *City Univ. v Finalco, Inc.,* 129 AD2d 494).

We have considered the remaining contentions raised on appeal and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Smith, JJ.