■ Dove Hunters Pub, Inc., Appellant, v Bernard Posner et al., Respondents. [621 NYS2d 327] —Judgment, Supreme Court, New York County (Myriam Altman, J.), entered on or about October 27, 1993, after a nonjury trial, declaring in defendant landlords' favor that plaintiff tenant is in violation of the parties' lease, and awarding defendants possession of the premises and reasonable attorney's fees, unanimously affirmed, without costs.

The IAS Court, properly relying on an order of this Court affirming an order holding that defendants' notice to cure of

March 28, 1985 was a valid predicate for their terminating the lease in June 1986 (125 AD2d 1017, *lv denied* 69 NY2d 868), correctly ruled that no stay was in effect at the time of trial, that the cure period had expired and that this lease could not be revived if violations of substantial obligations of the tenancy had not been cured by the time defendants gave plaintiff notice of termination *(First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630). We agree with the IAS Court that plaintiff failed to cure such violations prior to the issuance of the notice of termination, including alterations constituting serious fire hazards in violation of Multiple Dwelling Law §§ 233 and 234, and that plaintiff's claim of waiver is without merit in view of the nonwaiver clause in the lease *(Jefpaul Garage Corp. v Presbyterian Hosp.*, 61 NY2d 442). In any event there was no proof of waiver. Good cause was shown for defendants' failure to submit a judgment within 60 days after the decision was rendered (22 NYCRR 202.48; *see, Dicini, Inc. v Hengerer Co.*, 171 AD2d 515, *lv dismissed in part and denied in part* 78 NY2d 940), and, in the circumstances, it was not error to award counsel fees without holding a hearing *(see, Old Paris v G.E.B.M. Intl.*, 170 AD2d 392, 393). Concur—Ellerin, J. P., Kupferman, Asch and Rubin, JJ.