■ DAASHUR ASSOCIATES et al., Respondents, v DECEMBER ARTISTS APARTMENT CORP., Appellant, et al., Counterclaim Defendant. [640 NYS2d 65] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about November 15, 1995, which granted plaintiffs' motion for a *Yellowstone* injunction, unanimously reversed, on the law and the facts, without costs, and plaintiffs' motion for the injunction is denied.

The commercial lease at issue in this matter, which we note was executed on the landlord's and tenant's behalf by Swantje Daashur, an officer of both corporations, clearly prohibited, *inter alia*, the placement of awnings, projections or signs on any part of the outside of the building without the prior written consent of the landlord. It is not disputed that tenant's subtenant, McCoy Fashions, Inc., affixed an awning and sign to the exterior of the building without the required written consent. A five day notice to cure was sent to the tenant in accordance with the lease terms. Upon expiration of the cure period, a three day notice of termination of the lease was sent by certified mail, as required under the terms of the lease. Thereafter, plaintiff sought the injunctive relief at issue on this appeal.

It is well settled that there is no basis for the preliminary injunctive relief provided by a *Yellowstone* injunction, where the injunction is sought after expiration of the period to cure

and after service of the notice of termination (*Asherson v Schuman*, 106 AD2d 340, 341-342). Plaintiffs' argument to the effect that the notice periods for both cure and termination provided for in the lease are inequitable is without merit. The courts will not interfere between parties whose contract is clear (*First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630, 638).

We have considered the other arguments set forth by the plaintiffs-respondents and find them to be without merit as well. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.