■ GYNCOR, INC., Appellant, v IRONWOOD REALTY CORPORATION, Respondent. [687 NYS2d 57] —Order, Supreme Court, New York County (Richard Braun, J.), entered January 22, 1998, which, insofar as appealed from, denied plaintiff tenant's motion for a *Yellowstone* injunction and found defendant landlord's notice of default dated September 15, 1997 to be valid, unanimously affirmed. Order, same court (Paula Omansky, J.), entered February 11, 1998, which denied plaintiff's motion for a *Yellowstone* injunction and vacated a temporary restraining order (TRO) entered January 26, 1998 (David Saxe, J.), upon a finding that the lease had been terminated prior to the issuance of the TRO, unanimously affirmed, with costs.

Plaintiff's first request for a *Yellowstone* injunction was properly denied upon the ground that it admittedly could not bond or pay the mechanic's liens specified in defendant's second notice to cure, and thus lacked the ability to cure the alleged default (see, *Stuart v D & D Assocs.*, 160 AD2d 547, 548). Any insufficiency in defendant's first notice to cure was irrelevant since the second notice to cure, pursuant to which defendant canceled the lease, contained all the necessary information, and indeed its sufficiency was never challenged by plaintiff. Nor is there merit to plaintiff's contention that the cure period had not yet expired at the time of its third application for a TRO and of defendant's service of a notice of cancellation. Under the lease, if the cure period lapsed on a Saturday, plaintiff would not have been entitled to an extension until the

following Monday, and even if it were entitled to such an extension, the few hours remaining to the cure period would have elapsed before defendant served its notice of cancellation. Concur—Sullivan, J. P., Williams, Lerner and Andrias, JJ.