■ PRINCE FASHIONS, INC., Appellant-Respondent, v 542 HOLDING CORP., Respondent-Appellant. [790 NYS2d 430]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered July 14, 2004, which, to the extent appealed from, denied plaintiff's motion for a *Yellowstone* injunction and denied defendant's motion to dismiss that portion of plaintiff's first amended complaint seeking an accounting for the years 1996-1998 on res judicata grounds, unanimously modified, on the law, defendant's motion granted, and otherwise affirmed, without costs.

Plaintiff does not dispute the court's rejection of prior arguments for a *Yellowstone* injunction based on either defense counsel's oral agreement to extend the cure period through September 12, 2002, or the fact that the cure period did not otherwise expire until September 11, which was five days after the latest notice to cure could have been received by plaintiff upon service by both personal delivery and mail. Plaintiff's current arguments urging the timeliness of its *Yellowstone* application are equally unavailing. These arguments rely on inapposite authority that defendant waived reliance on the hand delivery when it took the additional step of mailing the notice to cure. Moreover, there is no merit to plaintiff's claim that defendant created ambiguity regarding the date of plaintiff's receipt and the parameters of the five-day cure period by mailing copies of the notice after defendant indisputably hand-delivered the notice to plaintiff's premises on September 5. Plaintiff's additional claim that it timely sought a *Yellowstone* injunction *after* the cure period, but before the lease was legally terminated, is contrary to well-established law that a commercial tenant may not secure *Yellowstone* relief after the cure period has already expired (*Daashur Assoc. v December Artists Apt. Corp.*, 226 AD2d 114 [1996]). Finally, we do not find, on this record, that the equities favor the avoidance of a forfeiture of this commercial tenancy.

We reverse the IAS court's order insofar as it refused to bar any and all claims concerning defendant's alleged failure to provide plaintiff with an accounting for the years 1996 to 1998. In the previous action, plaintiff voluntarily withdrew with prejudice its accounting claim for the same years, and the doctrine of res judicata now bars this accounting claim even though it is being raised in a different context (*O'Brien v City of Syracuse*, 54 NY2d 353 [1981]). Concur—Tom, J.P., Andrias, Friedman, Sullivan and Nardelli, JJ.