■ Federated Retail Holdings, Inc., et al., Respondents, v Weatherly 39th Street, LLC, Appellant. [911 NYS2d 5]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered April 3, 2009, which, inter alia, denied defendant landlord's motion for partial summary judgment on its first through sixth counterclaims on the issue of whether plaintiff tenant breached the subject lease by failing to purchase proper insurance naming landlord as an additional insured, without a self-insured retention, as allegedly required by the lease, and granted the cross motion of tenant and coplaintiff subtenant for summary judgment dismissing the first through sixth counterclaims, unanimously reversed, on the law, with costs, the cross motion denied, the motion granted, and tenant's remaining time to cure will commence to run upon service on tenant of a copy of this order with notice of entry.

The court erroneously determined that section 7.02 of the lease, which requires tenant to maintain insurance coverage for the benefit of itself and landlord "in limits of at least One Million ($1,000,000) Dollars for injury to any one individual and Three Million ($3,000,000) Dollars for any one accident . . . plus an umbrella policy of $5,000,000," was not violated by tenant's use of self-insured retentions in the amount of $1,000,000 each for both the primary and umbrella policies. In construing the lease, the court improperly declined to consider

the reasonable expectations of the parties and purpose of this business contract (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 716 [2007]; *Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa.*, 65 AD3d 12, 28 [2009]), incorrectly concluding that to do so was tantamount to consideration of parole evidence—to the contrary, it is a proper approach to contract construction. Moreover, the court's reading of the unambiguous insurance provision would permit tenant to render meaningless the requirement that it purchase the specified amounts of insurance (*see Helmsley-Spear, Inc. v New York Blood Ctr.*, 257 AD2d 64, 69 [1999]).

As landlord correctly notes, clarity and predictability are important considerations in contract interpretation (*see Sport Rock Intl., Inc.*, 65 AD3d at 28). Although our interpretation of the contract is consistent with those considerations, the motion court's reading would leave the issue of insurance uncertain, as tenant could simply choose to buy a policy with such a high self-insured retention (and concomitantly low premium) as to render insubstantial or even illusory the benefits of the insurance coverage for which landlord bargained. Such a reading does not comport with well settled precepts of contract interpretation that require a court to "endeavor to give the [contract] construction most equitable to both parties instead of the construction which will give one of them an unfair and unreasonable advantage over the other" (*Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 438 [1994] [internal quotation marks omitted]) and that disfavor "[l]anguage in contracts placing one party at the mercy of the other" (*id.* [internal quotation marks omitted]).

Subtenant's insurance does not cure this defect, as landlord is not required to accept subtenant's performance in lieu of tenant's (*see 185 Madison Assoc. v Ryan*, 174 AD2d 461 [1991]; *214 W. 39th St. Corp. v Miss France Coats, Inc.*, 274 App Div 597, 599-600 [1948]). Subtenant could choose, at any time, to discontinue its insurance naming landlord as an additional insured, and landlord would have no recourse, as it is not in privity with subtenant. Nor does tenant's fronting policy, purchased after the instant action was commenced, cure the defect. The fronting policy purportedly provides "first dollar" coverage, so that the issuer of the policy generally would be responsible for paying the self-insured retention for the primary policy. Tenant concedes that the issuer of the fronting policy would not be required to pay the $1,000,000 self-insured retention provided for in the umbrella policy if the primary coverage were to be exhausted, but argues that the possibility of exhaus-

tion of the primary policy is remote. However, whether or the extent to which that possibility is remote is irrelevant to the issue of whether tenant complied with the insurance provision in the lease. Landlord did not bargain for insurance protection against only nonremote risks.

Motion to strike brief denied. Concur—Tom, J.P., Andrias, McGuire and Manzanet-Daniels, JJ.