154

[917 NYS2d 143]

166 ENTERPRISES CORP., Respondent-Appellant, v I G SECOND
   GENERATION PARTNERS, L.P., Appellant-Respondent.

I G SECOND GENERATION PARTNERS, L.P., et al., Respondents, v
   166 ENTERPRISES CORP., Appellant.

First Department, February 8, 2011

APPEARANCES OF COUNSEL

*Livoti Bernstein & Moraco PC,* New York City (*Robert F. Moraco* of counsel), for appellant-respondent/respondents.

*Oved & Oved LLP,* New York City (*Darren Oved* and *Andrew J. Urgenson* of counsel), for respondent-appellant/appellant.

## OPINION OF THE COURT

RICHTER, J.

Plaintiff 166 Enterprises Corp. (Tenant) and defendant I G Second Generation Partners, L.P. (Landlord) are parties to a commercial lease for two stores on the first floor of a building located on Second Avenue in Manhattan. Tenant subleased the premises to an entity that operated a chain clothing store. On September 10, 2002, Landlord served a 15-day notice to cure alleging that Tenant had failed to pay rent and late fees and failed to procure the required amount of liability insurance. On September 24, 2002, one day before the cure period was to expire, Tenant brought an action seeking declaratory relief and sought a *Yellowstone* injunction (action No. 1). A temporary restraining order (TRO) was issued staying the cure period pending the hearing and determination of the motion.

By decision and order dated January 8, 2003, Supreme Court (Marilyn Shafer, J.) denied the *Yellowstone* motion on the ground that Tenant had failed to show that it was ready and able to cure the default regarding the liability insurance. Since there

was only one day left in the cure period when the TRO was initially obtained, the cure period expired the next day, January 9, 2003. On January 15, 2003, Landlord served Tenant with a notice of termination, effective January 20, 2003.

On January 21, 2003, despite the fact that the lease had already been terminated, Tenant moved to renew and reargue its application for a *Yellowstone* injunction. In its motion, Tenant conceded that the original motion papers had inadvertently failed to address its ability to cure the alleged insurance default. Tenant belatedly attached a copy of a certificate of liability insurance to its moving papers. By decision and order dated April 17, 2003, Justice Shafer granted the motion, finding that Tenant's submission of the insurance certificate was sufficient to show that Tenant was ready and able to cure the default. The court did not address whether it was empowered to issue a *Yellowstone* injunction where the cure period had expired and the lease had been terminated. Nor did the court discuss whether the injunction could be made retroactive to the date of the original *Yellowstone* motion.

Tenant's declaratory judgment action proceeded to trial, and in a decision entered October 21, 2008, Supreme Court (Judith J. Gische, J.) found that Tenant had breached the insurance provision, justifying termination of the lease. Justice Gische interpreted Justice Shafer's April 17, 2003 decision as having granted the *Yellowstone* injunction nunc pro tunc as of September 24, 2002, the date of Tenant's initial *Yellowstone* application. Thus, Justice Gische concluded that Tenant still had a right to cure, limited to the period remaining in the cure period at the time the first *Yellowstone* application was brought (i.e., one day). On December 10, 2008, a judgment was entered consistent with the decision. In addition, the judgment expressly found that the January 15, 2003 notice of termination was a nullity because, according to Justice Gische, the cure period had not yet expired at the time the notice was served.

Landlord then served a second notice of termination terminating the lease as of December 31, 2008 because no cure was effected by Tenant. Landlord thereafter commenced an ejectment action (action No. 3) and moved for summary judgment. In an order and judgment entered January 20, 2010, Supreme Court (Louis B. York, J.) awarded Landlord possession of the premises.

■ Initially, we reject Tenant's contention that Landlord's appeal is academic because, by serving a second notice of termination in 2008, Landlord waived any right to enforce the

2003 notice of termination, and because Landlord is judicially estopped from seeking to enforce the 2003 notice of termination by the January 20, 2010 order and judgment terminating the lease pursuant to the 2008 notice of termination. Landlord's service of a second notice of termination after losing at the trial on the first notice does not constitute a waiver of its argument that the decision on the first notice was in error. There is also no merit to Tenant's claim that Landlord's appeal is not properly before us. Because Justice Gische expressly reached the issue whether or not the court should give retroactive effect to the earlier order granting *Yellowstone* relief, Landlord may raise the issue on appeal from the resulting judgment.

██ Justice Gische correctly found that Tenant failed to obtain insurance in the required amount and that such failure constituted a material breach justifying termination of the lease (*see C & N Camera & Elecs. v Farmore Realty*, 178 AD2d 310 [1991]). Even if Tenant had been able to prove that its subtenant was carrying adequate insurance in Landlord's favor, the defect would not have been cured, because "landlord is not required to accept subtenant's performance in lieu of tenant's" (*Federated Retail Holdings, Inc. v Weatherly 39th St., LLC*, 77 AD3d 573, 574 [2010]). Nor was Landlord required to exercise its option under the lease of obtaining its own insurance and billing it to Tenant as additional rent (*see Jackson 37 Co., LLC v Laumat, LLC*, 31 AD3d 609 [2006]).

██ However, Justice Gische improperly concluded that Tenant still had the right to cure its breach. It is well settled that a tenant is not entitled to a *Yellowstone* injunction after the cure period has expired (*KB Gallery, LLC v 875 W. 181 Owners Corp.*, 76 AD3d 909 [2010]; *Retropolis, Inc. v 14th St. Dev. LLC*, 17 AD3d 209 [2005]; *Prince Fashions, Inc. v 542 Holding Corp.*, 15 AD3d 214 [2005]). Here, after the initial *Yellowstone* application was denied, the stay of the cure period was lifted and the cure period expired on January 9, 2003. Since Tenant's motion to renew/reargue its *Yellowstone* application was brought after this date, the court could not grant *Yellowstone* relief in this case (*see e.g. Gyncor, Inc. v Ironwood Realty Corp.*, 259 AD2d 363 [1999]).

Nor, under the circumstances here, should Justice Gische have given retroactive effect to the *Yellowstone* injunction. This case does not fall within the limited exceptions for which such nunc pro tunc relief has been authorized. In each of the cases relied upon by Tenant (*SHS Baisley, LLC v Res Land, Inc.*, 18

AD3d 727 [2005]; *Prince Lbr. Co. v CMC MIC Holding Co.*, 253 AD2d 718 [1998]; *Mann Theatres Corp. of Cal. v Mid-Island Shopping Plaza Co.*, 94 AD2d 466 [1983], *affd* 62 NY2d 930 [1984]), retroactive relief was allowed as a result of improper actions by the court or due to judicial inadvertence. Here, in contrast, no such court error was shown. Justice Shafer's initial denial of the *Yellowstone* application was entirely proper since even Tenant concedes that it failed to establish in its original motion that it was ready and able to cure the default.

Moreover, the failure to ensure that the cure period did not lapse was entirely Tenant's fault. After Justice Shafer denied the first *Yellowstone* application, Tenant waited almost two weeks before filing its motion to renew/reargue. By this time, the cure period had expired and the lease had already been terminated. Tellingly, after Justice Shafer initially denied *Yellowstone* relief, Tenant never sought any further stay of the running of the cure period either from the trial court or from this Court. Under these circumstances, the *Yellowstone* injunction should not have been afforded retroactive application (*see T.W. Dress Corp. v Kaufman*, 143 AD2d 900 [1988] [lapse of *Yellowstone* TRO was not a mere technicality where the plaintiff's counsel failed to obtain an extension of the TRO and allowed the cure period to expire]).

Finally, Justice Gische should not have found that Landlord's 2003 notice of termination was a nullity. At the time Landlord served the notice, the cure period had expired and Tenant had not cured its breach. Since there was no temporary restraining order in place at that time, the notice was validly served and the lease was terminated. Once the lease was terminated in accordance with its terms, the court lacked the power to revive it (*see Dove Hunters Pub v Posner*, 211 AD2d 494 [1995]; *Austrian Lance & Stewart v Rockefeller Ctr.*, 163 AD2d 125 [1990]).

Because Landlord's first notice of termination was valid and the lease was terminated on January 20, 2003, its 2008 notice of termination should not have been necessary. In light of this determination, Tenant's appeal from the January 20, 2010 order and judgment should be dismissed as academic.

We have considered Tenant's remaining arguments for affirmative relief and find them unavailing.

Accordingly, the judgment of the Supreme Court, New York County (Judith J. Gische, J.), entered December 10, 2008, after a nonjury trial, to the extent appealed from as limited by the

briefs, declaring that plaintiff 166 Enterprises Corp. breached a substantial obligation under its lease with defendant I G Second Generation Partners, L.P. by failing to maintain insurance in the coverage amounts required by the lease, that a *Yellowstone* injunction was granted nunc pro tunc as of September 24, 2002, that the running of the cure period was retroactively tolled and did not expire on January 9, 2003, that the notice of termination served on January 15, 2003 was a nullity and did not effect a termination of the lease on January 20, 2003, and that the *Yellowstone* injunction and cure period remained in effect until a copy of the judgment with notice of entry was served upon Tenant's attorney, should be modified, on the law, to vacate the above declarations concerning the *Yellowstone* injunction, the cure period and the notice of termination, and to declare instead that the cure period expired January 9, 2003 and that, pursuant to the notice of termination served on January 15, 2003, the lease was terminated on January 20, 2003, and otherwise affirmed, without costs. The appeal from the decision, same court and Justice, entered October 21, 2008, order should be dismissed, without costs, as taken from a nonappealable paper. The appeal from the order and judgment (one paper), same court (Louis B. York, J.), entered January 20, 2010, inter alia, awarding Landlord possession of the premises, should be dismissed, without costs, as academic.

MAZZARELLI, J.P., ACOSTA, ABDUS-SALAAM and ROMÁN, JJ., concur.

Judgment, Supreme Court, New York County, entered December 10, 2008, modified, on the law, to vacate the declarations concerning the *Yellowstone* injunction, the cure period and the notice of termination, and to declare instead that the cure period expired January 9, 2003 and that, pursuant to the notice of termination served on January 15, 2003, the lease was terminated on January 20, 2003, and otherwise affirmed, without costs. Appeal from the October 21, 2008 decision, same court, dismissed, without costs, as taken from a nonappealable paper. Appeal from the order and judgment (one paper), same court, entered January 20, 2010, dismissed, without costs, as academic.