■ 875 West 181 Owners Corp., Respondent, v KB Gallery, LLC, et al., Respondents. 875 River View Realty, LLC, Intervenor-Appellant. [3 NYS3d 331]—

Order of the Appellate Term of the Supreme Court, First Department, entered February 22, 2013, which affirmed an order of the Civil Court, New York County (Andrea Masley, J.), entered on or about May 17, 2011, granting petitioner-co-op's motion to strike the intervenor's answer for lack of standing, unanimously reversed, on the law, without costs, the motion denied, the answer reinstated, and the matter remanded to Civil Court for further proceedings.

The co-op commenced the instant commercial holdover proceeding following judicial denial of the commercial tenant's (KB Gallery) petition for *Yellowstone* relief (*see KB Gallery, LLC v 875 W. 181 Owners Corp.*, 76 AD3d 909 [1st Dept 2010]). The intervenor had assigned its interest in the commercial leasehold to KB Gallery's principal, individually, who, in turn, assigned

the lease over to KB Gallery. In connection with the intervenor's assignment to the principal, the principal purchased the intervenor's leasehold interest, and in connection therewith, the principal purportedly executed a promissory note in the intervenor's favor in the amount of $550,000. The terms of the assignment provided, inter alia, that payment of the full amount of the purchase price, in specified installments, was contingent upon the principal and/or KB Gallery remaining in possession of the commercial leasehold, and that in the event of a default by the principal or KB Gallery upon the payment obligations, the intervenor would have a reversionary interest in the leasehold.

KB Gallery contracted to sublease the premises to an entity that operated a commercial children's playhouse. The co-op served KB Gallery and the playhouse operator with a notice of termination of the lease and sublease, asserting that consent by the co-op was not obtained as required under, inter alia, the proprietary lease. KB Gallery's position was that its interest in the commercial leasehold involved "unsold shares," which excepted such lessee from the owner-consent requirements. KB Gallery's petition for *Yellowstone* relief was denied on the procedural ground that it was untimely commenced after the time to cure had expired (*see KB Gallery*, 76 AD3d 909). Such denial of *Yellowstone* relief did not reach the merits of the validity of the co-op's notice to terminate (*see Village Ctr. for Care v Sligo Realty & Serv. Corp.*, 95 AD3d 219 [1st Dept 2012]), and the denial of preliminary injunctive relief "d[oes] not constitute . . . law of the case or an adjudication on the merits" (*Town of Concord v Duwe*, 4 NY3d 870, 875 [2005]).

As such, the intervenor has demonstrated standing to serve an answer in the instant holdover proceeding, and the matter is remanded for further proceedings. Concur—Gonzalez, P.J., Saxe, Richter, Feinman and Kapnick, JJ.