■ 117-119 Leasing Corp., Respondent-Appellant, v Reliable Wool Stock, LLC, Appellant-Respondent, and Soho Sanctuary Ltd., Respondent-Appellant. [30 NYS3d 622]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 27, 2015, which granted plaintiff tenant's application for *Yellowstone* relief except as to its alleged failure to comply with the insurance requirements of the lease, unanimously affirmed, with costs, as to the relief granted, and appeal therefrom otherwise dismissed, without costs, as academic.

Order, same court (Robert D. Kalish, J.), entered August 13, 2015, which, to the extent appealed from, denied defendant owner Reliable Wool Stock, LLC's motion to dismiss additional defendant Soho Sanctuary LLC as a party, unanimously affirmed, without costs.

The motion court properly treated the notice of termination as a notice to cure, and properly deemed the period between service of the notice and the termination date set forth therein as the cure period for the alleged defaults, since the lease incorporated by reference the end date of the period set forth in the termination notice as the date by which the lease would be terminated unless the defaults had been remedied (*see Barsyl Supermarkets, Inc. v Avenue P Assoc., LLC*, 86 AD3d 545, 546-547 [2d Dept 2011]).

The application for relief was timely, since it was brought before the expiration of the cure period (*see 166 Enters. Corp. v I G Second Generation Partners, L.P.*, 81 AD3d 154, 158 [1st Dept 2011]).

The alleged defaults for which relief was granted were curable (*see Empire State Bldg. Assoc. v Trump Empire State Partners*, 245 AD2d 225, 229 [1st Dept 1997]). The motion court correctly determined that the tenant's failure to obtain insurance was not curable (*see Kyung Sik Kim v Idylwood, N.Y., LLC*, 66 AD3d 528 [1st Dept 2009]) and that this alleged default was not waived (*see Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave.*, 1 AD3d 65, 69-70 [1st Dept 2003], *lv dismissed* 2 NY3d 794 [2004]).

The motion court providently exercised its discretion in declining to drop subtenant Soho Sanctuary LLC as a party defendant (*see* CPLR 1003). Although Soho was not a necessary party, because it was not in contractual privity with the owner (*see Asherson v Schuman*, 106 AD2d 340 [1st Dept 1984]), it was a proper party, because termination of the lease would terminate its subtenancy (*see 64 B Venture v American Realty Co.*, 179 AD2d 374, 376 [1st Dept 1992], *lv denied* 79 NY2d 757 [1992]; *World of Food v New York World's Fair 1964-1965 Corp.*, 22 AD2d 278, 280 [1st Dept 1964]; *380 Yorktown Food Corp. v 380 Downing Dr., LLC*, 107 AD3d 786, 788 [2d Dept 2013], *lv denied* 22 NY3d 860 [2014]).

In view of the foregoing, it is unnecessary to address the parties' other arguments for affirmative relief. Concur—Mazzarelli, J.P., Friedman, Andrias, Moskowitz and Kahn, JJ.