Reliable Wool Stock LLC, Petitioner-Landlord
against
117-119 Leasing Corp. Respondent-Tenant-Respondent.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (John J. Kelley, J.), entered November 16, 2017, which (1) granted tenant's in limine motion to the extent of limiting issues at trial of alleged insurance defaults to the period of September 2013 to December 18, 2013, in a holdover summary proceeding and (2) denied landlord's in limine cross motion to limit the trial to the sole issue of whether tenant defaulted by violating the noncurable insurance coverage requirements of the governing lease and to preclude the tenant from offering at trial any evidence with regard to matters unrelated to the aforementioned noncurable insurance violations.




Per Curiam.
Order (John J. Kelley, J.), entered November 16, 2017, insofar as appealable, affirmed, with $10 costs.
Landlord's cross motion to limit the scope of proof necessary to establish a prima facie case at trial was properly denied. Required elements of landlord's prima facie case, including the validity and legal sufficiency of its termination of the lease, were not previously established. Supreme Court's determination denying tenant's application for Yellowstone relief on the ground that tenant's failure to obtain insurance was not curable (see 117-119 Leasing Corp. v Reliable Wool Stock, LLC, 2015 WL 1387856 [Sup Ct, NY County, March 25, 2015, Singh, J.], affd 139 AD3d 420, 421 [2016]) was not an adjudication on the merits of the validity of landlord's termination of the lease and does not constitute law of the case (see 875 W. 181 Owners Corp. v. KB Gallery, LLC, 124 AD3d 549, 550 [2015]; see also Curry v. 365 W. 19th St. Owners Corp., 249 AD2d 82 [1998]).
Landlord is not aggrieved by so much of the underlying order as granted tenant's motion to limit, by date, the scope of the alleged insurance defaults at issue, because that portion of the order indicates on its face that it was entered based upon landlord's concession (see Matter of Brouwer v Pacicca, 291 AD2d 448, 449 [2002]; CPLR 5511). To the extent that landlord argues that the order was not made on consent, its remedy is to move in Civil Court to vacate or resettle the order (id.; Nayman v Remsen Apts., 125 AD2d 378, 382 [1986], lv denied 70 NY2d 601 [1987]). Thus, landlord's appeal from that portion of the order must be dismissed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 02, 2018