60G 542 Broadway Owner, LLC,
against
Prince Fashions, Inc., Respondent-Tenant, and Foravi.com Inc., Respondent-Undertenant- Respondent, and OMG/The Jeans Store and XYZ Corp., Respondents-Undertenants.



Petitioner-landlord, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Debra Rose Samuels, J.), entered February 9, 2018, which granted the motion of tenant Prince Fashions, Inc. for leave to reargue and renew, and upon reargument and renewal, reinstated tenant's first, fifth, seventh and ninth affirmative defenses, denied landlord's motion for summary judgment of possession, and directed petitioner to respond to a subpoena duces tecum insofar as it demanded the production of all insurance policies and certificates with respect to the subject premises held by landlord from May 13, 2015 to the present in a holdover summary proceeding.




Per Curiam.
Order (Debra Rose Samuels, J.), entered February 9, 2018, modified to deny tenant's motion for renewal, grant landlord's motion to dismiss the first, fifth, seventh and ninth affirmative defenses and for summary judgment of possession, strike the subpoena duces tecum and remanding the matter to Civil Court for a hearing to determine the amount of use and occupancy and reasonable attorneys' fees due landlord; as modified, order affirmed, with $10 costs to landlord-appellant. Execution of the warrant shall be stayed for 60 days from service of a copy of this order with notice of entry.
The motion by landlord, as owner of a retail condominium unit, for summary judgment of [*2]possession should have been granted based upon its unrebutted showing that the tenant breached the insurance coverage requirements of the governing commercial lease agreement. Although policies were obtained by, and named, the subtenants as the insureds, the record evidence conclusively established that for the policy periods November 28, 2014 to November 28, 2015, and July 3, 2015 to July 3, 2016, tenant failed to maintain liability insurance naming landlord as an additional insured. A tenant's failure to maintain insurance coverage as required by the lease is an incurable default (see Kyung Sik Kim v Idylwood, NY, LLC, 66 AD3d 528 [2009]; Jackson 37 Co., LLC v Laumat, LLC, 31 AD3d 609, 610 [2006]; see generally Brainerd Mfg. Co. v Dewey Garden Lanes, 78 AD2d 365 [1981], appeal dismissed 53 NY2d 701 [1981]).
In addition, the evidence that tenant submitted regarding one of the 2014-2015 policies revealed that no party, not even landlord's predecessor [nonparty 542 Holding Corp.], was named as an additional insured. These policies would not cure the default, not only because they are not "in favor" of the landlord, but also because a "'landlord is not required to accept [a] subtenant's performance in lieu of a tenant's'" (166 Enters. Corp. v I G Second Generation Partners, L.P., 81 AD3d 154, 158 [2011], quoting Federated Retail Holdings, Inc. v Weatherly 39th St., LLC, 77 AD3d 573, 574 [2010]).
Furthermore, the policy obtained by tenant after receiving the notice of default on March 4, 2016, and covering the policy period March 10, 2016 to March 2017 cannot cure the default, since prospective commercial general liability (CGL) insurance coverage cannot retrospectively cure the default arising from tenant's failure to have continuously maintained insurance coverage in landlord's favor as required by the commercial lease (see Kyung Sik Kim v Idylwood, NY, LLC, 66 AD3d at 529; see 117-119 Leasing Corp. v Reliable Wool Stock, LLC, 139 AD3d 420, 421 [2016]).
In reaching our determination, we note that the prior order of the Appellate Division, First Department, denying tenant's application for a Yellowstone injunction in this litigation (see Prince Fashions, Inc. v 60G 52 Broadway Owner, LLC, 149 AD3d 529 [2017]) was not an adjudication of the merits of the validity of landlord's termination of the lease and did not constitute law of the case (see 875 W. 181 Owners Corp. v KB Gallery, LLC, 124 AD3d 549, 550 [2015]; Reliable Wool Stock LLC v 117-119 Leasing Corp., 60 Misc 3d 133[A], 2018 NY Slip Op 51022[U] [App Term, 1st Dept 2018]).
In granting renewal, the motion court erred in reinstating various affirmative defenses. Tenant's waiver argument, namely, that landlord's predecessor had accepted insurance policies obtained by the subtenants for many years, was barred by the "no waiver" clause of the lease (see Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave., 1 AD3d 65, 69-70 [2003], lv dismissed 2 NY3d 794 [2004]; see also Jefpaul Garage Corp. Presbyterian Hosp. in City of NY, 61 NY2d 442 [1984]; 117-119 Leasing Corp. v Reliable Wool Stock, LLC, 139 AD3d at 421).
Tenant's affirmative defense that landlord acted in bad faith or engaged in other misconduct by entering into a "sham mortgage" in connection with landlord's purchase of the subject retail condominium unit in May 2015 upon which it ultimately defaulted, was insufficient to raise an issue of fact or warrant further judicial scrutiny in the context of this holdover summary proceeding. On this record, landlord had valid grounds for terminating this commercial lease, based upon tenant's incurable default in obtaining insurance naming the landlord as an additional insured.
Finally, the notice of default was reasonable in view of all attendant circumstances (see Hughes v Lenox Hill Hosp., 226 AD2d 4, 17 [1996], lv dismissed and denied 90 NY2d 829 [1997]), as it fairly stated the nature of landlord's claim based on a breach of paragraph 8 of the lease and the facts necessary to establish the existence of such a claim. Thereupon, landlord provided tenant with a clear and unambiguous notice of cancellation, against which tenant failed to request and obtain Yellowstone relief.
We have considered tenant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 29, 2018