159 West 23rd LLC, Petitioner-Landlord-Appellant,
against
Spa Ciel De NY Corp., Respondent-Tenant-Cross- Appellant, and "XYZ Corp.," Respondent-Undertenant.




Landlord, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Elena Baron, J.), entered on or about September 16, 2019, which denied its motion to dismiss tenant's affirmative defenses, for summary judgment of possession and for rent/use and occupancy in a holdover summary proceeding. Tenant, as limited by its briefs, cross-appeals from that portion of the same order which denied its cross-motion for summary judgment dismissing the petition.




Per Curiam.
Order (Elena Baron, J.), entered September 16, 2019, insofar as appealed from, modified to grant landlord summary judgment of possession and to dismiss tenant's affirmative defenses, and the matter remanded to Civil Court for a hearing to determine the amount of rent/use and occupancy and reasonable attorneys' fees due landlord; as modified, order affirmed, with $10 costs. Execution of the warrant shall be stayed for 60 days from service of a copy of this order with notice of entry.
Landlord's motion for summary judgment of possession should have been granted based upon its unrebutted showing that tenant breached the insurance coverage requirements of the governing commercial lease agreement. The record conclusively establishes that from on or about November 14, 2017 to at least June 12, 2018, tenant failed to maintain an umbrella policy [*2]with an additional $1 million limit in excess of the underlying commercial general liability (CGL) policy limits, in violation of paragraph 63 of the rider to the lease (see 60G 542 Broadway Owner, LLC v Prince Fashions, Inc., 61 Misc 3d 134[A], 2018 NY Slip Op 51498[U] [App Term, 1st Dept 2018]; 210 E. 86th St. Corp. v Eastside Exhibition Corp., 59 Misc 3d 141[A], 2018 NY Slip Op 50627[U} [App Term, 1st Dept 2018], affd 171 AD3d 587 [2019]). Tenant also failed to maintain the required workers' compensation insurance, and liability insurance relating to "construction operations" and "independent contractors/subcontractors."
Even if tenant's general contractor, who performed a build-out of the demised premises from a restaurant/bar to a spa, was carrying adequate insurance, a "'landlord is not required to accept [a third party's] performance in lieu of tenant's'" (166 Enters. Corp. v I G Second Generation Partners, L.P., 81 AD3d 154, 158 [2011], quoting Federated Retail Holdings, Inc. v Weatherly 39th St., LLC, 77 AD3d 573, 574 [2010]). 
Tenant's waiver argument was barred by the "no waiver" clause of the lease (see Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave., 1 AD3d 65, 69-70 [2003], lv dismissed 2 NY3d 794 [2004]; see also Jefpaul Garage Corp. v Presbyterian Hosp. in City of NY, 61 NY2d 442 [1984]; 117-119 Leasing Corp. v Reliable Wool Stock, LLC, 139 AD3d 420, 421 [2016]). In any event, given that the lease afforded tenant a six-month rent abatement while tenant renovated the premises for its intended use, landlord cannot be charged with accepting rent with knowledge of tenant's insurance defaults. 
In addition, the alleged statement of the principal of the former owner, one Javier Quintanas, as attested to by tenant's consultant (one "Ju Ju"), that tenant's insurance defaults were "not problematic," so long as the general contractor maintained liability insurance in the required amount and named the landlord as an additional insured, was of no probative value. Tenant failed to establish that Quintanas's alleged statement was corroborated by documentary evidence or was unequivocally referable to an oral modification of the lease (cf. Franpearl, LLC v Orenstein, 59 Misc 3d 130[A], 2018 NY Slip Op 50429[U] [App Term, 1st Dept 2018]). Contrary to the finding of the motion court, such a "bald representation" raised no issue of fact (Paramount Leasehold, L.P. v 43rd St. Deli, Inc., 136 AD3d 563, 569 [2016], lv dismissed in part, denied in part 28 NY3d 1024 [2016]). Notably, tenant provided no "acceptable excuse" for its failure to tender, in admissible form, evidence that Quintanas's statement was made (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). On this record, that alleged statement of Quintanas constituted inadmissible hearsay (see Allstate Ins. Co. v Keil, 268 AD2d 545, 545-546 [2000]). 
Nor was an issue of fact raised as to whether petitioner landlord itself, as the new owner, accepted rent for any significant length of time with knowledge of the tenant's insurance defaults. The record reveals that landlord acted promptly in May 2018, within one month of its ownership of the building, to object to the adequacy of the insurance coverage prior to tenant's completion of the renovation. At or about this time, tenant's rent check dated May 24, 2018 for base rent for the first half of June 2018 ($7,500) was expressly rejected by landlord due to "termination of tenancy/pending litigation" related to petitioner's prior 2018 holdover proceeding commenced against the tenant on similar grounds (cf. Searle Blatt & Co. v Zurich Holding Co., 282 AD2d 388 [2001] [landlord waived any objections it might have had to adequacy of insurance coverage by waiting years after receipt of insurance certificates and completion of renovations to voice its [*3]objections]). 
Finally, tenant's affirmative defense that landlord acted in bad faith was insufficient to raise an issue of fact. On this record, landlord had valid grounds for terminating this commercial lease, based upon tenant's incurable insurance defaults.
We have considered tenant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: February 5, 2020