Bliss World LLC v 10 W. 57th St. Realty LLC (2021 NY Slip Op 00106)





Bliss World LLC v 10 W. 57th St. Realty LLC


2021 NY Slip Op 00106


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ. 


Index No. 657007/17 Appeal No. 12830-12830A Case No. 2019-4404 

[*1]Bliss World LLC, Plaintiff-Respondent,
v
10 West 57th Street Realty LLC, Defendant-Appellant.


Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for appellant.
Bryan Cave Leighton Paisner LLP, New York (Steven M. Stimell of counsel), for respondent.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered May 31, 2019, awarding plaintiff the principal sum of $25,000, unanimously affirmed, with costs. Appeal from order and judgment (one paper), same court and Justice, entered May 15, 2019, after a nonjury trial, in favor of plaintiff, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court correctly determined that plaintiff tenant did not violate the commercial lease's requirement that it obtain adequate insurance coverage (see generally Federated Retail Holdings, Inc. v Weatherly 39th St., LLC, 77 AD3d 573 [1st Dept 2010]). The lease explicitly provided that plaintiff's insurance obligations could be satisfied under an umbrella insurance policy, and nothing in the lease prohibited aggregate caps on the umbrella policy.
The court correctly determined that defendant landlord breached the implied covenant of good faith and fair dealing (see generally 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]). The evidence shows that defendant issued notices to cure in bad faith so as to evict plaintiff and develop the property without paying a termination fee as required under the lease. Plaintiff also presented evidence that it incurred at least $25,000 of damages due to defendant's breach.
We have considered defendant's remaining arguments, including that the court erred in declaring the termination notice invalid, and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021