Gap, Inc. v 170 Broadway Retail Owner, LLC (2021 NY Slip Op 04115)





Gap, Inc. v 170 Broadway Retail Owner, LLC


2021 NY Slip Op 04115


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021

Before: Manzanet-Daniels, J.P., Kern, Mazzarelli, Shulman, JJ. 


Index No. 652732/20 Appeal No. 14144 Case No. 2020-04770 

[*1]The Gap, Inc., Plaintiff-Respondent,
v
170 Broadway Retail Owner, LLC, Defendant-Appellant.


Cozen O'Connor, New York (Menachem J. Kastner of counsel), for appellant.
Davis+Gilbert LLP, New York (Joshua H. Epstein of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about November 2, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff commercial tenant's motion for a Yellowstone injunction and denied in part defendant landlord's motion to dismiss the complaint, unanimously reversed, on the law, with costs, to deny the Yellowstone injunction, to provide that accrued rent arrears for the period of time during which the Yellowstone injunction was in effect and continuing rent due shall be paid directly to defendant, and to dismiss the first, second, third and fourth causes of action.
Plaintiff's motion for a Yellowstone injunction should have been denied. Although plaintiff met the requirements for a Yellowstone injunction under the Court of Appeals standard set forth in Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc. (93 NY2d 508 [1999]) by showing that "(1) it holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (id. at 514 [internal quotation marks omitted]), this Court has interpreted the third criterion to require a tenant to move before the cure period in the landlord's notice expires (Prince Fashions, Inc. v 542 Holding Corp., 15 AD3d 214, 215 [1st Dept 2005]). Thus, the motion court should not have granted plaintiff a Yellowstone injunction because plaintiff failed to move before the cure period expired or argue that the cure period had been otherwise tolled. Because plaintiff was not entitled to a Yellowstone injunction, the third cause of action, which seeks a declaration that plaintiff was not in default and injunctive relief preventing defendant from terminating the lease, should also have been dismissed.
The motion court also should have dismissed the first cause of action for breach of contract. Preliminarily, the underlying complaint fails to identify a single lease provision defendant allegedly breached, which is fatal to this claim (see generally Gordon v Curtis, 68 AD3d 549, 550 [1st Dept 2009], lv denied 14 NY3d 713 [2010]; see also D'Artagnan, LLC v Sprinklr Inc., 192 AD3d 475, 476 [1st Dept 2021]).
Moreover, plaintiff is not entitled to a rent abatement under the lease "due to loss of use of all or a portion of the Demised Premises due to [a] Casualty[.]" That portion of the lease refers to singular incidents causing physical damage to the premises and does not contemplate loss of use due to a pandemic or resulting government lockdown (see Gap Inc. v Ponte Gadea New York LLC, 2021 WL 861121, *6 [SD NY Mar. 8, 2021, No. 20-CV-4541 (LTS/KHP)]; 1140 Broadway LLC v Bold Food, LLC, 2020 NY Slip Op 34017[U], *6 [Sup Ct, NY County 2020]; Dr. Smood New York LLC v Orchard Houston, LLC, 2020 [*2]NY Slip Op 33707[U], *4 [Sup Ct, NY County 2020]; but see 188 Ave. A Take Out Food Corp. v Lucky Jab Realty Corp., 2020 NY Slip Op 34311(U) [Sup Ct, NY County 2020]).
The fourth cause of action, which seeks rescission based on the theories of frustration of purpose and impossibility, should also have been dismissed. The doctrine of frustration of purpose does not apply as a matter of law where, as here, the tenant was not "completely deprived of the benefit of its bargain" (Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 43 [1st Dept 2020]; 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561 [1st Dept 2021] [finding that reduced revenues did not frustrate the purpose of the lease]). Furthermore, plaintiff's assertion that Executive Order 202.8 rendered it objectively impossible to perform its operations as a retail store as required by the lease is unavailing as defendant correctly points out that by the time plaintiff filed its complaint in July 2020, this was no longer the case (Kel Kim Corp. v Central Markets, 70 NY2d 900, 902 [1987]; 558 Seventh Ave. Corp., 194 AD3d at 561 [also finding that performance of the lease was not rendered impossible by reduced revenues]). What is more, because article 3 of the lease limits any rent abatement to those expressly set forth in the lease, the inapplicability of casualty abatement under article 2.C would render this brief period of closure irrelevant to the payment of rent.
Based on this court's determination that plaintiff is not entitled to a Yellowstone injunction and the dismissal of plaintiff's casualty, frustration of purpose and impossibility defenses to the payment of rent, the second cause of action, which seeks declaratory relief, should also have been dismissed in its entirety.
Finally, because plaintiff is still in possession, never vacated the premises and its lease is still in effect, plaintiff should not have been directed to post a bond. Rather, the court should have ordered plaintiff to pay rent pendente litedirectly to defendant in the amount specified in the lease as of August 1, 2020 while the Yellowstone injunction was in place (see Gap, Inc. v 44-45 Broadway Leasing Co., LLC, 191 AD3d 549 [1st Dept 2021]). Accordingly, plaintiff shall pay a lump sum equal to the monthly rent accrued as of August 1, 2020 to date, and then continue to pay rent directly to defendant in the amount specified in the lease. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2021