Mayore Estates LLC v Century 21, Inc. (2024 NY Slip Op 01874)

Mayore Estates LLC v Century 21, Inc.

2024 NY Slip Op 01874

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Renwick, P.J., Manzanet-Daniels, Kennedy, Mendez, Michael, JJ. 

Index No. 653645/21 Appeal No. 1976 Case No. 2023-01066 

[*1]Mayore Estates LLC, et al., Plaintiffs-Respondents,
v
Century 21, Inc., etc., Defendant-Appellant.

Rivkin Radler LLP, Uniondale (Evan Krinick of counsel), for appellant.
Holland & Knight, LLP, New York (Alexander Lycoyannis of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered February 15, 2023, which denied defendant tenant's motion to dismiss the cause of action for a declaratory judgment that plaintiff was entitled to the proceeds of a letter of credit (the fourth cause of action), unanimously affirmed, with costs.
Supreme Court properly determined that the 2021 predicate notices, dated April 16, 2021 and May 24, 2021, underlying plaintiff landlord's cause of action for a declaratory judgment were adequate to "apprise the tenant of claimed defaults in its obligations under the lease and of the forfeiture and termination of the lease if the claimed default [was] not cured within a set period of time" (Filmtrucks, Inc. v Express Indus. & Term. Corp., 127 AD2d 509, 510 [1st Dept 1987]). The April 16, 2021 notice of default adequately informed defendant of the basis for the alleged defaults and also informed defendant that if those defaults were not cured on or before May 21, 2021, plaintiffs intended to resort to the remedies under article 17 of the lease, which provided for termination upon the failure to cure a default after 30 days' notice.
Furthermore, the 2021 notices unambiguously served to terminate the lease. Although Supreme Court's April 2022 order in a related action between the parties found that certain earlier default notices sent by plaintiff did not comply with the lease's notice provision, the April 16, 2021 notice of default was not before the court in the earlier action, nor was the May 24, 2021 notice to cancel that followed the notice of default (see Mayore Estates LLC v Century 21 Inc., Sup Ct, NY County, Apr. 18, 2022, Borrok, J., index No. 656373/20, affd 221 AD3d 458, 459 [1st Dept 2023]). In any event, defendant did not reject the notices and acknowledged in its June 7, 2021 letter to plaintiff that the lease was terminated.
We agree with defendant that plaintiff's later service of a May 2022 revised notice was improper given that defendant had not rejected the April and May 2021 notices and instead acted consistently with the understanding that the lease was terminated. Nevertheless, under the circumstances presented, Supreme Court properly concluded that the May 2022 revised notice was issued simply as a misguided precautionary measure based on the court's April 18, 2022 order in the related action. The May 2022 notice thus could not have served to revive the lease after its expiration because defendant had already acknowledged in its June 7, 2021 letter to plaintiff that the lease
was terminated (see 166 Enters. Corp. v I G Second Generation Partners, L.P., 81 AD3d
154, 159 [1st Dept 2011]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024