■ C & N CAMERA & ELECTRONICS, INC., Appellant, v FARMORE REALTY, INC., Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered March 8, 1991, which denied plaintiff's motion for a *Yellowstone* injunction and granted defendant's cross-motion to dismiss the complaint, and order and judgment (one paper) of the same Court and Justice entered July 2, 1991, which granted defendant's motion for summary judgment on its counterclaims for a declaratory judgment that the lease and term thereunder were terminated, for a final judgment of possession and issuance of a warrant of eviction, and for use and occupancy, unanimously affirmed, with costs.

Defendant landlord served plaintiff, its commercial tenant, with a five-day notice of default with a demand for proof of insurance coverage as provided for by the terms of the lease. The notice was served in accordance with the lease terms by certified mail on January 18, 1991. Inasmuch as plaintiff was no longer doing business, the mailing was returned to the Post Office and plaintiff failed to pick it up until January 24, 1991, one day after the cure period had run. On that day, defendant served plaintiff with a three-day notice of cancellation by certified mail postmarked on January 29, 1991.

Plaintiff obtained a temporary restraining order and moved for a *Yellowstone* injunction to restrain defendant from terminating its tenancy. Defendant moved to dismiss the complaint. The court denied the injunctive relief and dismissed the complaint, finding that there was no showing that the notice to cure was either inadequate or improperly served, and that the terminated lease could not be revived by subsequent legal action (*First Natl. Stores v Yellowstone Shopping Center*, 21 NY2d 630). Defendant then moved for summary judgment on its counterclaims. The court held that the issue of plaintiff's failure to cure prior to termination of the tenancy was not reviewable pursuant to the doctrine of law of the case, that

since no landlord-tenant relationship existed, the possession constituted an illegal holdover and thus defendant was entitled to a judgment of possession, a warrant of eviction, and use and occupancy.

Pursuant to the lease terms herein, failure to provide defendant-landlord with proof of the specified insurance coverage is a material breach of the lease and a basis for its termination *(Kel Kim Corp. v Central Mkts.,* 70 NY2d 900). Defendant complied with the clear and unambiguous terms of the lease in providing plaintiff with the required notices of default and cancellation *(Matter of Cale Dev. Co. v Conciliation & Appeals Bd.,* 94 AD2d 229, *affd* 61 NY2d 976). Had the parties intended to provide for five "business" days' notice, they would have so modified the plain language of the lease.

As defendant presented documentary evidence establishing its affirmative defenses, the court properly dismissed the complaint (CPLR 3211 [a] [1]; *Lebowitz v Mingus,* 100 AD2d 816).

Further, summary judgment on defendant's counterclaims was warranted. The court properly held that the prior motion for summary judgment holding that the lease was terminated was not reviewable under the doctrine of law of the case *(Martin v City of Cohoes,* 37 NY2d 162). Since plaintiff continued in possession pursuant to an illegal holdover *(Fowler Ct. Tenants v Young,* 119 Misc 2d 492), defendant was entitled to a final judgment of possession and issuance of a warrant of eviction *(First Natl. Stores v Yellowstone Shopping Center, supra).* Finally, a prevailing landlord is entitled to use and occupancy for the period of the unauthorized holdover *(Matter of Jaroslow v Lehigh Val. R. R. Co.,* 23 NY2d 991). Concur— Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.