■ B<small>ROOKS</small> P<small>ARKER</small>, Appellant, v 304 E<small>AST</small> 73<small>RD</small> S<small>TREET</small> C<small>ORP.</small> et al., Respondents. [661 NYS2d 1] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered November 27, 1995, which denied plaintiff's motion for an order, *inter alia*, staying the foreclosure auction of the nineteen coopera-

tive apartments owned by him, staying and tolling the expiration of any notices regarding the proprietary leases to the aforesaid apartments, enjoining and restraining defendants from taking any action to cancel or terminate plaintiff's shares or leases, unanimously modified, on the law and the facts, the motion is granted to the extent of staying the foreclosure auction of plaintiff's shares, staying the expiration of any notices previously served, enjoining defendants from taking any unfavorable action with respect to plaintiff's shares and leases pending a determination on the merits, and otherwise affirmed, without costs.

As a result of a dispute with defendant cooperative ("Co-op"), plaintiff, the owner of 35% of the cooperative shares, began withholding the maintenance payments on his nineteen apartments in early 1993. On July 2, 1993, the Co-op sent plaintiff a Notice to Cure, seeking four months maintenance arrears, and other fees and assessments. On July 14, 1993, plaintiff commenced an action by order to show cause requesting a *Yellowstone* injunction staying the Notice to Cure, and for other relief. By order dated August 13, 1993, Supreme Court granted the stay pending determination of the issues raised in plaintiff's complaint. The stay was expressly conditioned on the plaintiff's payment of maintenance arrears from May 1, 1993, his continued payment of maintenance as such payments became due, and the posting of an undertaking in the amount of $35,000. The August 13 order also required that upon plaintiff's paying the maintenance arrears and posting the bond, defendants would withdraw a previously distributed notice directing tenants to pay their rent to the Co-op rather than plaintiff, and would return to plaintiff any rent collected by the Co-op.

Plaintiff complied with all of the conditions of the August 13 order until June 1995, when he again began withholding maintenance payments. By letter dated June 18, 1995, plaintiff accused defendants of interfering with his tax dispute with the Internal Revenue Service, and informed them that he was suspending his maintenance payments until "we find out what is going on." On June 21, 1995, defendants sent a Notice of Termination to plaintiff, declaring that the leases were terminated as of June 26, 1995, for failing to comply with both the June 1993 Notice to Cure, and the August 13, 1993 order conditioning the stay on the continued payment of maintenance.

After unsuccessful settlement negotiations, plaintiff brought the instant motion by order to show cause dated October 3, 1995, for an order enjoining the sale of his shares at a foreclo-

sure auction, to restrain defendants from taking any action with respect to his cooperative shares or his leases, and for other relief. The IAS Court denied all the requested relief, finding that the plaintiff's claim that he did not receive the aforementioned notices was refuted by the record, and that the leaseholds had been terminated pursuant to the June 1995 Notice, a full two months before plaintiff brought the instant motion.

We modify the order of the IAS Court, as we believe that defendants' unilateral termination of the leases upon plaintiff's asserted breach of a two-year-old order granting *Yellowstone* relief, was improper. It is true, as defendants argue, that the stay granted in the August 13 order was expressly conditioned on continued maintenance payments. However, defendants' precipitous and extrajudicial determination that plaintiff breached a condition of the August 13, 1993 order by suspending maintenance payments, without providing plaintiff with a new Notice to Cure, was unjustified. The irreparable harm that will result if plaintiff is forced to wrongfully relinquish his 35% of the total shares of the Co-op is manifest.

However, that portion of plaintiff's motion seeking to restrain the Co-op from collecting rent from plaintiff's tenants, and to direct the Co-op to return rent payments already collected from them, was properly denied. Since plaintiff has refused to pay maintenance on his apartments for approximately 20 months, and continues to do so, the Co-op is permitted to collect rent from plaintiff's tenants (*see*, General Business Law § 352-e [2-d] [c]), and credit those monies against plaintiff's chronic maintenance arrears until the underlying disputes are resolved.

The motion for injunctive relief was not untimely. Although it was made after defendants' Notice of Termination became effective, a dispute still existed as to whether the prior *Yellowstone* stay automatically expired upon the suspension of maintenance payments (*cf.*, *C & N Camera & Elecs. v Farmore Realty,* 178 AD2d 310).

Motion for reargument granted, and, upon reargument, the prior unpublished decision and order of this Court entered on March 18, 1997 is recalled and vacated, and a new decision and order of this Court substituted therefor. The cross motion is denied. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.