■ SIMON & SON UPHOLSTERY, INC., et al., Appellants-Respondents, v 601 WEST ASSOCIATES, L. L. C., et al., Respondents-Appellants. [702 NYS2d 256] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered April 27, 1999, which, to the extent appealed from, denied the request of plaintiffs for a preliminary injunction directing that their landlord, defendant 601 West Associates, L. L. C., provide them with certain elevator service after normal business hours, and granted leave to serve an amended complaint naming Harry Skydell as an additional defendant, unanimously modified, on the law and the facts, to grant the motion for preliminary injunctive relief to the extent of directing that landlord provide elevator service after normal business hours for upholstery and photographic work only, pursuant to the terms contained in the rules promulgated by the prior landlord, and otherwise affirmed, without costs.

Tenant signed a lease in 1995 with landlord's predecessor in interest which provided that the premises were to be used for the manufacture of upholstery furniture. Paragraph 31 of the lease provided for elevator service during normal business hours, and on Saturday mornings. Elevator service at other times was offered pursuant to rules promulgated by the landlord, and conditioned upon, *inter alia*, the payment of normal overtime work for the required building employees. Subsequently, the tenant was also given permission to use the premises for a photographic studio, and the premises were renovated to facilitate that use. Thereafter, landlord accepted overtime payments from the photography studio, Studio 601, and provided tenant parking for Studio 601. While no explicit consent can be found in the record, it is clear from the course of dealings between the parties that the landlord consented to the use of the premises for a studio.

The present landlord, defendant 601 West Associates, bought the premises in 1997, and initially attempted to negotiate a new lease with plaintiffs for the use of two spaces in the building, one for upholstery manufacturing, and the other for a studio. These efforts were unavailing, and the landlord then refused to provide after-hours elevator service, claiming that the use of the premises in the lease was limited to upholstery manufacturing. Tenant brought this action for an injunction directing the landlord to provide after-hours elevator service,

and claimed in this connection that its business would be irreparably harmed by the inability to perform photography work in other than normal business hours. Since we find that the prior landlord had consented to the use of part of the premises for a photography studio, and since the record indicates that the new landlord, 601 West Associates, was aware of the ensuing partial conversion, plaintiffs are entitled to a limited injunction. We recognize that the lease contained nonwaiver and merger clauses, but note that in this case the prior landlord was fully apprised and involved in the photography studio modifications, including approving the renovations, providing tenant parking, accepting payments from the photography tenant, and using the premises in a sales brochure. This active involvement is in stark contrast to the landlord's passive acceptance of late rent payments in *Jefpaul Garage Corp. v Presbyterian Hosp.* (61 NY2d 442). Here, in distinction to *Jefpaul*, there are sufficient indicia that the reasonable expectations of both parties under the original lease were supplanted by subsequent actions.

It appears, however, that the tenants are also seeking to use the premises for private parties, including weddings. The tenant does not claim that consent to use the premises as a *de facto* catering hall was ever given by the prior landlord, and the record is barren of evidence of any such consent. Thus, we find that the present landlord is within its rights to refuse consent for use of the leased premises for anything other than upholstery manufacturing and a photography studio.

With regard to the request for leave to amend, such is freely granted, and notwithstanding defendant Skydell's denials, the allegations against him cannot be dismissed at this juncture as a matter of law. Concur—Tom, J. P., Ellerin, Rubin, Andrias and Buckley, JJ.