■ JACKSON 37 COMPANY, LLC, Appellant, v LAUMAT, LLC, et al., Respondents. [820 NYS2d 281]—

In an action, inter alia, for reformation of a lease, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated March 9, 2005, as denied its motion for summary judgment on its fifth cause of action for ejectment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

The parties executed a lease providing that the defendants' failure to procure a liability insurance policy naming the plaintiff as an additional insured would constitute a material default of the terms of the subject lease, and the defendants failed to procure the required policy. Thus, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law regarding the defendants' default (*see Schultz v Ljungqvist,* 1 AD3d 498 [2003]; *C & N Camera & Elecs. v Farmore Realty,* 178 AD2d 310 [1991]; *Brainerd Mfg. Co. v Dewey Garden Lanes,* 78 AD2d 365 [1981]; *see also Fishkill Health Related Ctr. v Van DeWater & Van DeWater,* 235 AD2d 389, 390-391 [1997]).

In opposition, the defendants merely asserted that the plaintiff should have exercised its alternative remedies under the lease. However, pursuant to the lease, the exercise of these remedies was at the plaintiff's option. Accordingly, the defendants failed to raise a triable issue of fact and the plaintiff's motion for summary judgment should have been granted. Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.