■ KENYON & KENYON, Respondent, v LOGANY, LLC, Appellant. [823 NYS2d 72]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered February 24, 2006, which granted plaintiff tenant's motion for summary judgment, denied defendant landlord's cross motion for partial summary judgment, directed defendant to enter into a lease with plaintiff for the entire sixth floor or the expansion space on that floor in accordance with the option clause of the lease, and allowed plaintiff to occupy the expansion space forthwith, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered April 26, 2006, which granted injunctive relief pending appeal of the earlier order, unanimously dismissed as academic, with costs.

Plaintiff, a law firm, occupied most of the nonretail commercial space in the building, including half of the sixth floor. Desirous of expanding into the remaining portion of the sixth floor, which was then occupied by another tenant, plaintiff held an option on that space when it would become available.

Section 48D of the lease required defendant to provide plaintiff with written notice if the rest of the sixth floor became available before plaintiff's option matured in May 2011. Defendant breached that obligation when it failed to notify plaintiff that the sixth floor expansion area was available after another tenant occupying that space did not renew its option. That departing tenant independently assigned its lease for two other floors to plaintiff, but its lease on the sixth floor space that plaintiff desired was technically not assignable under that departing tenant's lease.

Despite defendant's failure to provide the required written notice that the remainder of the sixth floor plaintiff wanted for expansion was available, plaintiff orally confirmed to defendant that it was nonetheless ready to exercise its option to lease the entire additional sixth floor space. Defendant did not receive written notice to this effect, but its failure to insist on such notice for nearly 10 months after receiving plaintiff's oral notifica-

tion, while acting as if it had accepted the oral exercise of the option, knowing plaintiff's action in reliance on defendant's conduct, constituted a waiver of any right to insist on written notice (*see Pepe's Shamrock v Vecchio*, 128 AD2d 599 [1987]; *see also Siders v Odak*, 126 AD2d 292 [1987]). "[T]he existence of a nonwaiver clause does not in itself preclude waiver of a contract clause" (*Dice v Inwood Hills Condominium*, 237 AD2d 403, 404 [1997]; *see also Simon & Son Upholstery v 601 W. Assoc.*, 268 AD2d 359, 360 [2000]).

Plaintiff's option having clearly been exercised, the only remaining disagreements had to do with the amount of rent for the expanded sixth floor area, and the availability of an area defendant had purportedly carved out of the center of that floor to retain for itself. As to the former, that dispute was subject to resolution by arbitration. As to the latter, there was no basis in the agreements between the parties to justify defendant's carving out a portion of the sixth floor. This was a belated effort to thwart plaintiff's acquisition of the balance of the sixth floor, and the court should have addressed and rejected it on the merits, rather than granting temporary injunctive relief.

Defendant's effort to rent the sixth floor expansion area to another tenant was properly rejected by the court, which held that defendant failed to provide plaintiff with an opportunity to match the rental terms given to a third party, in violation of section 48B of the lease.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Andrias, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ. [*See* 10 Misc 3d 1063(A), 2005 NY Slip Op 52108(U) (2005).]