■ 752 PACIFIC, LLC, et al., Respondents-Appellants, v PACIFIC CARLTON DEVELOPMENT CORP. et al., Appellants-Respondents. [878 NYS2d 763]—

In an action, inter alia, for a judgment declaring that the plaintiffs are not in violation of the terms of certain leases, the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated March 1, 2007, as denied that branch of their motion which was for summary judgment on so much of their third and fourth counterclaims as were, in effect, pursuant to RPAPL 221 to recover possession of the subject premises and pursuant to RPAPL 601 to recover damages for use and occupancy, and (2) from so much of a judgment of the same court dated March 20,

2007, as, upon the order, in effect, dismissed and severed so much of the third and fourth counterclaims as were, in effect, pursuant to RPAPL 221 to recover possession of the subject premises and pursuant to RPAPL 601 to recover damages for use and occupancy, and the plaintiffs cross-appeal, as limited by their brief, (1) from so much of the same order as granted those branches of the defendants' motion which were to dismiss the first cause of action pursuant to CPLR 3211 (a) (7) and for summary judgment on the third and fourth counterclaims to the extent of declaring that the plaintiffs' assignment of their respective leases violated the leases and that the leases are terminated, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the first and third causes of action, and (2) from so much of the judgment as, upon the order, dismissed the first cause of action, and declared that the plaintiff 752 Pacific, LLC, violated and is in default of the lease dated as of October 27, 1999, with the defendant Pacific Carlton Development Corp. for the reasons set forth in the notice of termination dated June 16, 2006, and that the lease is terminated on that basis as of June 23, 2006, and declared that the plaintiff Pacific Street Park Corp. violated and is in default of the lease dated as of October 27, 1999, with the defendant 535 Carlton Avenue Realty Corp. for the reasons set forth in the notice of termination dated June 16, 2006, and that the lease is terminated on that basis.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law and in the exercise of discretion, by deleting the provision thereof, in effect, dismissing and severing so much of the third and fourth counterclaims as were, in effect, pursuant to RPAPL 221 to recover possession of the subject premises, and substituting therefor a provision awarding judgment on those portions of the counterclaims; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, those branches of the defendants' motion which were for summary judgment on so much of the third and fourth counterclaims as were, in effect, pursuant to RPAPL 221 to recover possession of the subject premises are granted, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are

brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant Pacific Carlton Development Corp. owns real property on Pacific Street, in Brooklyn, that is improved with a six-story building (hereinafter the Pacific Street property). The defendant 535 Carlton Ave. Realty Corp. owns real property on Carlton Avenue, in Brooklyn, that is used as a parking lot (hereinafter the Carlton Avenue parking lot). Henry P. Weinstein is a principal of the two corporations (hereinafter together the landlords).

The plaintiff 752 Pacific, LLC, entered into a long-term lease for the rental of the Pacific Street property on October 27, 1999. On that same date, the plaintiff Pacific Street Park Corp. entered into a similar long-term lease for the rental of the Carlton Avenue parking lot. The terms of both leases was 48 years, commencing on November 1, 1999. Jeshayahu Boymelgreen is a principal of the two tenant corporations (hereinafter together the tenants).

Weinstein and Boymelgreen executed the two leases for their respective corporate entities. On the date the leases were executed, Mr. Boymelgreen executed a personal guarantee agreement whereby he unconditionally guaranteed all the obligations of the tenants, including the payments due to the landlords, for the first six years of the leases.

The leases contained provisions governing assignments. The parties' dispute centers on whether those provisions were breached. Section 14.01 of the leases provides, in part: "Without the written consent of the landlord first had and received in each instance, which consent shall not be unreasonably withheld or delayed, neither this Lease nor the interest of Tenant hereunder shall be sold, mortgaged, encumbered, assigned or otherwise transferred."

The subject properties are within the area proposed to be developed as the Atlantic Yards Arena and Redevelopment Project. On March 31, 2005 the tenants entered into an option agreement with AY 535 Carlton, LLC, for the assignment of their respective leases to that entity. The option was exercised and the tenants' leases were assigned to AY 535 Carlton, LLC, on March 2, 2006. The assignments were made without the prior consent of the landlords.

The leases provided the landlords, at their option upon the occurrence of specified events of default, including an unauthorized assignment of the leases, with the right to give the tenants written notice that the leases expired and terminated on a specific date. The landlords sent the tenants written notices of termination on June 15, 2006.

The Supreme Court properly awarded the landlords summary judgment on their third and fourth counterclaims to the extent of declaring that the tenants' assignment of their respective leases violated the leases and that the leases are terminated. A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Here, the landlords established their prima facie entitlement to summary judgment by demonstrating the absence of any material issue of fact with respect to so much of the third and fourth counterclaims as alleged that the tenants breached their leases by assigning them to a third party without the prior consent of the landlords, as was expressly required by the leases (*cf. Schultz v Ljungqvist*, 1 AD3d 498, 499 [2003]). The terms of the subject leases are clear and unambiguous (*cf. Yu Han Young v Chiu*, 49 AD3d 535 [2008]; *Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]). "A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

However, the Supreme Court erred in denying the landlords summary judgment on so much of their third and fourth counterclaims as were, in effect, pursuant to RPAPL 221 to recover possession of the subject premises. Having found that the tenants breached the leases, and the landlords thereafter terminated the leases, the Supreme Court should have granted the landlords such relief. Pursuant to RPAPL 221: "Where a judgment affecting the title to, or the possession, enjoyment or use of, real property allots to any person a distinct parcel of real property . . . it also may direct the delivery of the possession of the property to the person entitled thereto." In the circumstances of this case, the landlords are entitled to possession of the property (*see Jackson 37 Co., LLC v Laumat, LLC*, 31 AD3d 609 [2006]; *cf. Hudson Riv. Park Trust v Basketball City USA, LLC*, 22 AD3d 422 [2005]; *Matter of Lake Anne Realty Corp. v Goldberg*, 231 AD2d 522 [1996]; *C & N Camera & Elecs. v Farmore Realty*, 178 AD2d 310 [1991]).

The parties' remaining contentions are without merit. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur. [*See* 14 Misc 3d 1237(A), 2007 NY Slip Op 50338(U).]