Judgments, Supreme Court, New York County (Herman Cahn, J.), entered September 18, 2008 and September 10, 2008, after a nonjury trial, which declared, respectively, that plaintiffs have the right to have, keep and maintain a sunroom built on the terrace appurtenant to their penthouse apartment and that defendants may not interfere with that right, assess any charges or receive any consideration from plaintiffs, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered on or about August 29, 2008 and September 4, 2008, unanimously dismissed as subsumed in the appeals from the aforesaid judgments.
The record reveals no basis to disturb the court’s factual findings supporting its conclusion that the “exclusive use” of the roof appurtenant to the penthouse apartment afforded plaintiffs under the proprietary lease included the right to enclose the space (see Saperstein v Lewenberg, 11 AD3d 289 [2004]). There *416 is sufficient evidence to find that the board approved the initial construction of the sunroom in 1968 and, in any event, ample evidence that the board knew about the room from the time of its construction and forbore to challenge the legality of the construction for some 35 years. This evidence of the board’s knowing forbearance also supports the court’s finding that the board waived any lease requirement of written approval for structural alterations (see Kenyon & Kenyon v Logany, LLC, 33 AD3d 538, 538-539 [2006]). In light of these findings, there is no merit to defendants’ contentions as to corporate waste, self-dealing within the board, or illegality. Concur—Tom, J.P., Andrias, Nardelli, DeGrasse and Freedman, JJ.