■ BDCM Fund Adviser, LLC, Formerly Known as Black Diamond Capital Management, et al., Respondents-Appellants, v James J. Zenni, Jr., et al., Appellants-Respondents. [33 NYS3d 730]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered December 18, 2015, which insofar as appealed from, adjudged that counterclaim plaintiffs shall recover of counterclaim defendants, in respect of the PTC Alliance realization, the principal amount of $6,588,998.85, based on $140.387 per share for 46,934.537 shares, adjudged and declared that counterclaim defendants' cross motion for an order compelling the subject arbitration is denied, and adjudged and declared that none of the carried interest owed to and/or paid to counterclaim plaintiff Zenni on account of the Tekni-Plex and PTC realizations is Connecticut-sourced income subject to withholding by the State of Connecticut, unanimously affirmed, with costs. Appeals from order, same court (Jeremy R. Feinberg, Special Ref.), entered on or about December 1, 2015, unanimously dismissed, without costs, as subsumed in the appeals from the aforesaid judgment.

There is sufficient testimonial and documentary evidence in the record to support the special referee's finding that counterclaim defendants offered a "cash value exchange" to investors based on reducing the PTC equity value ($376.4 million) by the 15% holdback amount from a proposed acquisition ($60 million) to reach a cash buyout equity value of $316.4 million and a per share price of $140.387.

The court correctly found that counterclaim plaintiff Zenni is entitled to carried interest based on the distribution of the PTC interests that occurred on December 21, 2012, and that he is entitled to a cash payment of the PTC carried interest.

The referee properly addressed the issue of whether and/or what portion of Zenni's carried interest was Connecticut-sourced, and correctly found that, under the parties' buy-out agreement, payments to Zenni for carried interest were to be treated, for tax purposes, as a distributive share of counterclaim defendants' income, which would be subject to withholding if Connecticut-sourced, and that counterclaim defendants did not meet their burden of establishing what portion of Zenni's distributions of the PTC and Tekni-Plex investments was Connecticut sourced income subject to withholding tax.

The court properly found that counterclaim defendants waived any contractual right to arbitrate the instant claim (see

*Kenyon & Kenyon v Logany, LLC*, 33 AD3d 538, 539 [1st Dept 2006]). Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.