■ Rui Qin Chen Juan et al., Appellants, v 213 West 28 LLC, Respondent. [53 NYS3d 28]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about July 19, 2016, which, among other things, denied plaintiffs' motion for a *Yellowstone* injunction, unanimously affirmed, without costs.

The motion court properly denied the tenant plaintiffs' motion for a *Yellowstone* injunction because the sole source of support for the motion was the English language affidavit of the non-English-speaking Rui Qin Chen Juan, which is inadmissible for want of a translator's affidavit, as is required by CPLR 2102 (b) and rule 14 (a) of the New York County Supreme Court, Civil Branch, Rules of Justices. Thus, plaintiffs have provided no factual support for the motion.

Even were we to consider the affidavit, defendant's argu-

ments fall on the merits. Plaintiffs were clearly in default regarding provisions in the lease requiring insurance coverage. Most significantly, they failed to obtain continuous insurance coverage for the entire lease term (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514 [1999]). It is undisputed that there were two gaps in insurance coverage. The failure to obtain insurance is a material breach that may not be cured by the purchase of prospective insurance, as such insurance "does not protect defendant [owner] against the unknown universe of any claims arising during the period of no insurance coverage" (*Kyung Sik Kim v Idylwood, N.Y., LLC*, 66 AD3d 528, 529 [1st Dept 2009]; *accord 117-119 Leasing Corp. v Reliable Wool Stock, LLC*, 139 AD3d 420, 421 [1st Dept 2016]). Nor was defendant obligated to exercise its option of securing insurance on plaintiffs' behalf (*see Jackson 37 Co., LLC v Laumat, LLC*, 31 AD3d 609, 610 [2d Dept 2006]).

Plaintiffs cannot complain that they were not granted an evidentiary hearing, since no such hearing was ever requested. In any event, plaintiffs have not shown that any additional evidence could change the result.

We have considered the parties' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.