Franpearl, LLC, Petitioner-Landlord-Appellant, 
against
Jeffrey L. Orenstein, Respondent-Tenant-Respondent, and William Winter, M.D., William Golden, PH.D., Brian Keane, L.C.S.W., Eric Fields, Psy.D., Lisa Schulman, L.C.S.W., Ania Siwek, Psy.D., Miguelina Almonte, M.S., L.C.S.W., "John Doe", "Jane Doe" and/or "XYZ Corp.", Respondents-Undertenants.



Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Jose A. Padilla, Jr., J.), entered on or about February 1, 2017, after a nonjury trial, in favor of tenant dismissing the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Jose A. Padilla, Jr., J.) entered on or about February 1, 2017, affirmed, with $25 costs.
Tenant signed the underlying commercial lease agreement with landlord's predecessor in interest in April 2007. Paragraph 1 of the lease required tenant, who is not a doctor, to occupy the premises as a doctor's office. Paragraph 11 of the lease prohibited assigning or subletting without landlord's prior written consent. The lease also contained non-waiver and merger clauses. It is not disputed that after the lease was executed, tenant renovated the space to add three consulting rooms, and sublet the space to three mental health practitioners, who have continuously occupied the premises. 
Tenant testified that since about 2001, he has been renting commercial suites from the predecessor landlord, through its principal, Jacob Weinreb. The underlying lease was the seventh such commercial lease entered into between the parties. In each of the prior leases, tenant renovated the space and sublet it to doctors or psychologists, with Weinreb's approval. Weinreb, [*2]in his testimony, confirmed that he was aware that tenant was not a doctor or health care practitioner, and that tenant entered into each of the seven prior leases with the intention of subletting the demised space. Weinreb characterized tenant as a business person who leased space and then sublet the space for profit. With regard to the lease at issue in this proceeding, Weinreb was aware that tenant intended to sublet the space to others; tenant, in fact did so; Weinreb consented to and approved of tenant's actions, as he had done in the past; and accepted rent from tenant.
The present landlord purchased the building in December 2012. In June 2013, landlord served a notice to cure alleging that tenant had sublet and/or assigned the space in violation of the lease. This holdover proceeding ensued. Following a trial, Civil Court dismissed the petition, and we now affirm.
Giving due deference to the trial court's findings of fact and credibility (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]), we find no basis to disturb the trial court's determination. A fair interpretation of the evidence supports Civil Court's finding that "over the course of a decade" tenant was engaged as a "business man" who would rent "various commercial suites owned" by the prior landlord and "sublet them to various mental health professionals"; that tenant would sign the leases with the "express purpose usage to be that of a 'doctor's office,'" despite landlord's knowledge that tenant would not occupy the space himself, as he was not a medical doctor, and that he "was merely facilitating a scenario to allow various medical professionals to share commercial space." Although the instant 20-year commercial lease contained a provision that required landlord's written consent to sublet, the trial evidence further supports the finding that the prior landlord "clearly understood" that tenant was "never going to occupy" the subject premises but was again going to sublet and that "from the beginning of lease in April 2007 until the building was sold to the current owner, in December 2012, [the former landlord] collected rent from [tenant] without any objection that [tenant] was not occupying the premises, but was instead subletting without any written permission." Thus, on this record, tenant demonstrated "sufficient indicia that the reasonable expectations of both parties under the original lease were supplanted by subsequent actions" (Simon & Son Upholstery v 601 W. Assoc., 268 AD2d 359, 360 [2000]). 
Contrary to landlord's assertion, "the existence of a nonwaiver clause does not in itself preclude waiver of a contract clause" (Kenyon & Kenyon v Logany, LLC, 33 AD3d 538, 539 [2006][internal citations omitted]). The original parties to the lease, by mutual agreement, disregarded the nonwaiver clause, since there was a "pattern of business conduct," confirming the modification which was "unequivocally referable to the oral modification" (Rose v Spa Realty Assoc., 42 NY2d 338, 343 [1977]; see generally Paramount Leasehold, L.P. v 43rd St. Deli, Inc., 136 AD3d 563 [2016], lv dismissed in part, denied in part 28 NY3d 1024 [2016]; Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC, 30 AD3d 1 [2006], affd 8 NY3d 59 [2006]).
In addition, landlord, as successor in interest, was bound by the prior owner's waiver of any objection to subletting (see 52 Riverside Realty Co. v Ebenhart, 119 AD2d 452 [1986]; 1 Dolan, Rasch's Landlord and Tenant — Summary Proceedings § 15:58 [5th ed]), which served to preclude its possessory claim.
We have considered appellant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 29, 2018