L & M BK Leasing, LLC., Petitioner-Landlord-Respondent, 
against
K & S Deli, Respondent-Tenant, -and- K & S Gourmet Inc., d/b/a K & S Deli, Respondent-Undertenant-Appellant, -and- K & S Deli Grocery Corp., David Gourmet Deli, Inc., "ABC Corp.," & "XYZ Inc.," Respondents-Undertenants.



Undertenant K & S Gourmet Inc. d/b/a K & S Deli appeals from an order of the Civil Court of the City of New York, New York County (Jose A. Padilla, Jr., J.), entered October 27, 2017, which granted landlord's motion for leave to accelerate execution of the warrant of eviction in a holdover summary proceeding.




Per Curiam:
Order (Jose A. Padilla, Jr., J.), entered October 27, 2015, affirmed, with $10 costs.
Landlord commenced this holdover proceeding upon allegations that the commercial tenant failed to cure certain defaults regarding provisions in the governing lease agreement requiring insurance coverage and final approval of certain alterations from the Department of Buildings [DOB]. The proceeding was settled by a March 2017, two-attorney stipulation that provided, inter alia, for entry of a final judgment awarding possession to landlord with the forthwith issuance of the warrant of eviction. The stipulation also provided for a stay of execution of the warrant until May 20, 2020, provided that tenant, insofar as relevant, provided proof of insurance as required by Article 9 of the lease and obtained DOB approval of the alterations. In the event that tenant defaulted under the stipulation, and the default was not cured within 10 business days after notice, landlord was permitted to move for an order accelerating the execution of the warrant.
Upon landlord's subsequent (September 20, 2017) motion alleging a default under the stipulation that was not timely cured, Civil Court properly granted landlord's motion. Strict enforcement of the parties' stipulation, including an order accelerating the execution of the warrant, is justified based upon the principle that the parties to a civil dispute are free to chart their own litigation course (see Mill Rock Plaza Assoc. v Lively, 224 AD2d 301 [1996]). Here, the record established that tenant failed to obtain the insurance required by Article 9 of the lease, including an "all risk" policy for tenant's property and alterations, and business interruption or renter's insurance. Nor did the policies procured contain clauses providing that the coverage was primary with respect to policies carried by landlord, that any coverage carried by landlord would be excess insurance, and waiving the right to subrogation. In addition, the proof showed that there was a gap in coverage after tenant's initial insurance policies expired on September 16, 2017, before the new policies commenced on October 2, 2017. The "failure to obtain insurance is a material breach that may not be cured by the purchase of prospective insurance, as such insurance 'does not protect defendant [owner] against the unknown universe of any claims arising during the period of no insurance coverage'" (Rui Qin Chen Juan v 213 W. 28 LLC, 149 AD3d 539, 540 [2017], quoting Kyung Sik Kim v Idlywood, NY, LLC, 66 AD3d 528 [2009]; see Prince Fashions, Inc. v 60G 542 Broadway Owner, LLC, 149 AD3d 529 [2017]).
Landlord was not equitably estopped from enforcing its rights under the stipulation based upon the property manager's October 3, 2017 email indicating that tenant was "in compliance" with the insurance requirement. Tenant failed to demonstrate that it lacked knowledge as to the type of insurance it was required to obtain and that it prejudicially changed its position in reliance upon the property manager's email, which, we note, was sent after the deadline for curing the insurance defaults (cf. River Seafoods, Inc. v JPMorgan Chase Bank, 19 AD3d 120, 122 [2005]; 117-119 Leasing Corp. v Reliable Wool Stock, LLC, 139 AD3d 420, 421 [2016]). 
The motion court also correctly determined that landlord properly served tenant with a written notice of default and provided the requisite "10 business days" in compliance with the stipulation.
Contrary to tenant's contention, the argument in landlord's reply papers regarding the gap in insurance coverage was properly made, since it addressed tenant's contentions made in opposition to the motion (see Rodriguez v Weinstein Enters., Inc., 113 AD3d 483, 484 [2014]). We have considered tenant's remaining arguments and find them
unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 23, 2018