GEM Holdco, LLC v RDX Tech. Corp. (2018 NY Slip Op 08564)





GEM Holdco, LLC v RDX Tech. Corp.


2018 NY Slip Op 08564


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Richter, J.P., Manzanet-Daniels, Tom, Webber, Gesmer, JJ.


653694/15 7890 7889

[*1]GEM Holdco, LLC, et al., Plaintiffs-Respondents,
v
RDX Technologies Corp., et al., Defendants-Appellants.


Catafago Fini LLP, New York (Tom M. Fini of counsel), for appellants.
Schlam Stone & Dolan LLP, New York (Bradley J. Nash of counsel), for respondents.



Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 2, 2017, in favor of plaintiff GEM Holdco, LLC, against defendants, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about April 6, 2017, which granted GEM's motion for summary judgment in lieu of complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Pursuant to a settlement agreement resolving GEM's claims against defendants in a prior action, defendant RDX Technologies Corp. was to make certain installment payments to GEM. The agreement provided that its terms were "subject to and expressly conditioned upon final approval by the Toronto Venture Exchange (the Exchange') within three business days of the full execution of this Agreement" and that, if such approval was not received by RDX "within three business days of the execution of this Agreement, the Agreement shall be null and void."
It is undisputed that, although Exchange approval was not obtained within three days, defendants made the first five installment payments required by the agreement. When trading in RDX shares was halted, GEM agreed that RDX's next installment payment could be deferred for one month, and the parties confirmed that the agreement otherwise remained "in full force and effect." It is also undisputed that RDX thereafter stopped making installment payments and filed for bankruptcy, which constituted a default under the agreement.
Defendants waived the right to enforce the Exchange- approval condition by ratifying the agreement (see Allen v Reise Org., Inc., 106 AD3d 514, 517 [1st Dept 2013]; Kenyon & Kenyon v Logany, LLC, 33 AD3d 538, 539 [1st Dept 2006]). They failed to act promptly to repudiate the agreement, only seeking to enforce the condition two years after the approval was required to have been received, and they accepted the benefit of the agreement, i.e., they did not have to litigate the claims asserted against them in the prior action, which was discontinued against them with prejudice, and they obtained a release of those claims.
A reading of the settlement agreement as a whole, including the referenced affidavit of confession of judgment executed by defendant Danzik and the provision that defendants would be jointly and severally liable in the event of nonperformance, demonstrates that the parties intended to hold Danzik personally liable (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324-25 [2007]). The fact that the affidavit of confession of judgment that was executed by Danzik in connection with the settlement agreement was found to be technically unenforceable in the prior action does not mean that Danzik was absolved of all liability. The settlement agreement does not provide that enforcement of the confession of judgment is the "sole remedy" against him (see Ambac Assur. Corp. v EMC Mtge. LLC, 121 AD3d 514, 519 [1st Dept 2014]). GEM may seek [*2]the usual damages recoverable on a breach of contract claim.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK