455 Dumont Assoc., LLC v Rule Realty Corp. (2020 NY Slip Op 01038)





455 Dumont Assoc., LLC v Rule Realty Corp.


2020 NY Slip Op 01038


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-11858
 (Index No. 506860/14)

[*1]455 Dumont Associates, LLC, appellant, 
v
Rule Realty Corp., respondent.


The Berkman Law Office, LLC, Brooklyn, NY (Robert J. Tolchin of counsel), for appellant.
Wenig Saltiel LLP, Brooklyn, NY (Meryl L. Wenig and Jason M. Fink of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Debra Silber, J.), dated October 26, 2016. The order and judgment granted the defendant's motion for summary judgment dismissing the complaint and on its counterclaim for a judgment declaring that the plaintiff has no legal interest in certain real property leased to it by the defendant, and declared that the plaintiff has no legal interest in that property.
ORDERED that the order and judgment is affirmed, with costs.
The plaintiff, 455 Dumont Associates, LLC (hereinafter the tenant), entered into a lease for commercial real property owned by the defendant, Rule Realty Corp. (hereinafter the landlord), commencing on October 1, 2004, and ending on September 30, 2015. The lease required the tenant to procure insurance coverage in the sum of $2 million for any one accident, and provide proof of coverage to the landlord.
Commencing in 2005, the tenant began to sublet a portion of the property to a retail store. Under the sublease agreement, the subtenant was required to maintain liability insurance with a minimum single limit of $1 million.
By letters dated January 3, 2014, January 23, 2014, and March 13, 2014, the landlord advised the tenant that it was in default for failure to comply with the insurance procurement provision in the lease. By letter dated April 30, 2014, the landlord informed the tenant that the lease would be terminated as of May 8, 2014.
On July 25, 2014, the tenant commenced this action, inter alia, for a declaration that the lease was not validly terminated and the tenant could exercise an option to purchase contained therein. The landlord served an answer with a counterclaim for a declaration that the tenant had no legal interest in the subject property.
By order and judgment dated October 26, 2016, the Supreme Court granted the [*2]landlord's motion for summary judgment dismissing the complaint and on its counterclaim declaring that the tenant has no legal interest in the subject property, and declared that the plaintiff has no legal interest in the subject property. The tenant appeals.
The landlord established its prima facie entitlement to judgment as a matter of law by demonstrating that the tenant failed to procure the necessary insurance. Paragraph 43 to the Rider to Lease, along with an amendment thereto, required the tenant to procure insurance coverage for the premises in the sum of $2 million for any one accident, and to name the landlord as an insured on the policy. The insurance certificate provided by the tenant to the landlord only provided coverage in the sum of $1 million, effective March 21, 2014. In addition, as the certificate stated that it was for information only, and copies of the policies of insurance were not provided, the certificate was insufficient to show that the proper insurance was actually purchased (see Trapani v 10 Arial Way Assoc., 301 AD2d 644, 647). The failure to obtain insurance was a material breach that was not cured by the purchase of prospective coverage, as such a policy would not protect the landlord against the unknown universe of claims arising during the period of insufficient insurance coverage (see Rui Qin Chen Juan v 213 W. 28 LLC, 149 AD3d 539).
In opposition to the landlord's prima facie showing, the tenant failed to raise a triable issue of fact. While the tenant contends that it would have indemnified the landlord for any losses, the agreement to procure insurance was distinct from an agreement to indemnify, so that the two obligations were not interchangeable (see Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 620). The tenant contends that the landlord waived compliance with the insurance procurement provision because it accepted rent for years without objecting. However, the lease provided that the failure of the landlord to enforce a condition of the lease did not constitute a waiver. No affirmative conduct by the landlord effected a waiver of the ongoing obligation to procure insurance (see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446; cf. Kenyon & Kenyon v Logany, LLC, 33 AD3d 538). A waiver is not created by negligence or oversight and cannot be inferred from mere silence (see Stassa v Stassa, 123 AD3d 804, 806).
The terms of the sublease did not modify the tenant's obligations under the lease. Since both contracts were unambiguous, they must be enforced according to their terms, without consideration of extrinsic evidence (see Anita Babikian, Inc. v TMA Realty, LLC, 78 AD3d 1088). The landlord was not required to accept the subtenant's performance in lieu of the tenant's (see Prince Fashions, Inc. v 60G 542 Broadway Owner, LLC, 149 AD3d 529).
The lease allowed for its termination upon the tenant's default in fulfilling its obligations under the insurance procurement provision. The landlord's right under the lease to purchase its own insurance should the tenant fail to do so was not obligatory, but optional. Paragraph 18 of the lease provided that exercise of this remedy does not preclude the landlord from exercising any other remedy in law or equity. The landlord therefore established that it had the grounds to terminate the lease upon a breach of the insurance procurement provision (see Schultz v Ljungqvist, 1 AD3d 498, 499). The tenant did not exercise its option to purchase the subject property before the lease was terminated. Thus, the tenant could no longer exercise the option to purchase, which terminated with the lease (see Fanek v Dutchess Props., LLC, 34 AD3d 722).
The tenant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the landlord's motion for summary judgment dismissing the complaint and on its counterclaim declaring that the tenant has no legal interest in the subject property.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court