Aryeh Realty Corp. v 18 E. 69th St. Tenant, LLC (2024 NY Slip Op 24277)

[*1]

Aryeh Realty Corp. v 18 E. 69th St. Tenant, LLC

2024 NY Slip Op 24277

Decided on October 25, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on October 25, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

&em;
24-104/106

Aryeh Realty Corp., Petitioner-Landlord-Appellant,
against
18 E. 69th Street Tenant, LLC a/k/a 18 East 69th Street Tenant, LLC, Fivestory New York and Karen Murray, Respondents-Tenants-Respondents, and "XYZ Corporation," Respondent-Undertenant.

Landlord, as limited by its briefs, appeals from 1) so much of an order of the Civil Court of the City of New York, New York County (Aija Tingling, J.), entered September 20, 2023, after a nonjury trial, limiting its recovery of rent arrears and outstanding electricity charges to the sums of $399,508 and $18,861.78, respectively, and denied its application for attorneys' fees in a nonpayment summary proceeding; 2) so much of an order (same court and Judge), entered November 6, 2023, that denied its motion to reargue and granted tenant's motion to recalculate the rent arrears owed and reduced that amount to $161,506; and 3) so much of a final judgment (same court and Judge), entered November 13, 2023, which limited its total recovery to the sum of $208,204.43.

Per Curiam.
Final judgment (Aija Tingling, J.), entered November 13, 2023, affirmed, with $25 costs. Appeal from orders (Aija Tingling, J.), entered September 20, 2023 and November 6, 2023, dismissed, without costs, as nonappealable or subsumed in the appeal from the final judgment.
The parties entered into a commercial lease agreement providing for a monthly rent of $75,000 for the first year, $77,250 for the second, and $79,567.50 for the third. The lease also provided that any modification to the lease must be in writing and signed by the parties.
An agreement in a lease providing that no waiver of a term shall be inferred absent a [*2]writing to that effect is enforceable (see Jefpaul Garage Corp. v. Presbyterian Hosp. in City of NY, 61 NY2d 442, 446 [1984]). Although parties to a contract may, by mutual ageement, disregard a no-waiver clause, some performance confirming the modification must be present, and it must be "unequivocally referable" to the oral modification (Rose v Spa Realty Assoc., 42 NY2d 338, 343—344 [1977]; see Paramount Leasehold, L.P. v 43rd St. Deli, Inc., 136 AD3d 563, 568 [2016], lv denied 28 NY3d 1024 [2016]).
In this case, a fair interpretation of the evidence supports the trial court's finding that, despite the rent amount set forth in the lease, the parties orally agreed that tenant would receive a $15,000 credit each month (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]; Claridge Gardens v Menotti, 160 AD2d 544 [1990]). The evidence consists of tenant's credited testimony and documentary evidence, including an email to tenant from landlord's principal, Benjamin Aryeh, acknowledging that "we have extended a $15,000 credit to you every month"; checks to tenant from Aryeh for $15,000 and $45,000, respectively, the latter representing the credit issued upon tenant's tender of a three-month security deposit; a check from landlord to tenant for $15,000; and a rent statement of landlord reflecting the credit. Thus, on this record, tenant demonstrated "sufficient indicia that the reasonable expectations of both parties under the original lease were supplanted by subsequent actions" (Simon & Son Upholstery v. 601 W. Assoc., 268 AD2d 359, 360 [2000]). As the trial court found, "Benjamin Aryeh made an agreement with [tenant], and acted in accordance with the agreement, which he confirmed in writing."
Nor do we have any basis to disturb the finding that the part performance of the oral agreement was unequivocally referable to the modification (see Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d 413, 425 [2013]; see generally Madison Ave. Leasehold, LLC v. Madison Bentley Assoc. LLC, 30 AD3d 1 [2006], affd 8 NY3d 59 [2006]). Indeed, landlord offered no credible testimony of any reason, other than the oral modification, for the $15,000 a month payments to tenant. As the trial court noted, the sole witness produced by landlord, Andrew Aryeh, "was neither privy to any of the discussions, negotiations or agreements between Benjamin Aryeh or [tenant], nor did he have any independent knowledge of the performance of the parties under the lease... Such information would be in the possession of Benjamin Aryeh; however, he was not produced as a witness in this trial." 
Landlord's application for attorneys' fees was properly denied. Given the true scope of the dispute litigated and what was achieved within that scope (see Excelsior 57th Corp. v Winters, 227 AD2d 146 [1996]), landlord was not the prevailing party on the core issue between the parties (see Board of Mgrs. of 55 Walker St. Condominium v Walker St., 6 AD3d 279, 280 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 25, 2024